## ROBERTSON v. WILKINSON.

(Circuit Court of Appeals, Fifth Circuit. December 22, 1925. Rehearing Denied January 19, 1926.)

No. 4703.

1. **Appeal and error** ⬅️**1237—District Court, after affirmance of judgment as modified by Circuit Court of Appeals, held not without jurisdiction to enter judgment against surety on supersedeas bond.**

Where Circuit Court of Appeals modified judgment, by increasing amount thereof, and affirmed it as modified, *held*, jurisdiction of District Court on going down of mandate was not exhausted, and that court, on rule to show cause which set up decree of Circuit Court of Appeals, properly entered judgment against surety on supersedeas bond.

2. **Appeal and error** ⬅️**1241—Surety on supersedeas bond will not be heard to attack its validity, and is bound to pay judgment against his principal.**

Surety on supersedeas bond will not be heard to attack its validity, and is bound to pay judgment against his principal.

3. **Costs** ⬅️**263—Imposition of maximum damages for frivolous and dilatory appeal held warranted.**

Appeal from judgment entered against surety on supersedeas bond *held* frivolous and taken for delay only, warranting imposition of maximum damages under Rev. St. §§ 1010, 1012 (Comp. St. §§ 1671, 1673), and Circuit Court of Appeals rule XXX.

4. **Appeal and error** ⬅️**786—Frivolous appeal, taken for delay only, dismissed on motion.**

Frivolous appeal, taken for delay only, will, on motion, be dismissed, rather than permitted to remain on docket until reached in regular course, and then affirmed.

Appeal from the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Suit by W. W. Wilkinson, trustee in bankruptcy of the Walker Grain Company, against J. L. Walker, wherein L. P. Robertson became surety on supersedeas bond given on an appeal taken by defendant Walker. From a judgment of the District Court against Robertson on such bond, after affirmance of judgment against Walker, he appeals. Appeal dismissed, and judgment entered against appellant for damages for frivolous and dilatory appeal.

See, also, 3 F.(2d) 867.

W. E. Spell, of Waco, Tex., and E. B. Robertson, of Fort Worth, Tex., for appellant.

Stanley Boykin, of Fort Worth, Tex. (Geo. M. Conner, Capps, Cantey, Hanger & Short and Boykin & Ray, all of Fort Worth, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. On December 18, 1923, the District Court in an equity suit of W. W. Wilkinson, Trustee in Bankruptcy of the Estate of Walker Grain Company, Bankrupt, v. J. L. Walker, entered a decree in favor of the plaintiff, and against the defendant therein, for $19,000, with interest from November 2, 1918. Walker appealed from that decree to this court, and filed in the District Court a supersedeas bond for $26,000, on which L. P. Robertson was a surety. In that case the trustee prosecuted a cross-appeal. On that appeal and cross-appeal the decree of the District Court was increased by this court to $51,500, with interest from November 2, 1918, and, as so modified, the decree of the District Court was affirmed. 3 F.(2d) 867.

Walker then made application to the Supreme Court for a writ of certiorari, which was denied. Upon the going down of the mandate of this court, the District Court entered another decree for $51,500, with interest, but did not enter a decree against the sureties on the supersedeas bond. Thereupon the trustee applied for, and obtained, a rule against Robertson as surety on the supersedeas bond to show cause why judgment should not be entered against him upon his bond. Robertson answered, and objected to judgment being entered, on the grounds that, upon the return of the mandate of this court, no further action by the District Court was authorized, that, this court having entered judgment against Walker, the District Court was without authority to enter any further decree, and that the jurisdiction of

both this court and the District Court had been completely exhausted. Upon consideration of the rule to show cause, and answer thereto, the District Court entered a decree against Robertson for $26,000, the amount of the supersedeas bond, with interest from the date of the decree.

This appeal is taken by Robertson from the last-mentioned decree, and the grounds relied upon are the same as those stated in his answer to the rule to show cause. In the ordinary course, the present appeal would not be reached by us for consideration until the next term of court, to be held at Fort Worth in November, 1926. The trustee in bankruptcy, appellee in this proceeding, has caused the record to be printed, and has filed a motion to dismiss or affirm, and for damages, on the ground that the appeal is frivolous, and was taken for delay only.

[1] It is immaterial whether the District Court should have entered a decree upon receipt of the mandate of this court. The application for the rule against Robertson to show cause sets up the decree of this court, and it was therefore proper for the District Court in a summary proceeding to enter judgment on the supersedeas bond, although a further decree by it was unnecessary.

[2] The proceeding followed was in strict accordance with the decision of this court in Clarksdale v. Williamson, 194 F. 412, 114 C. C. A. 374. The contention that the district court had exhausted its jurisdiction is frivolous, and without any support of authority whatever. The surety upon a supersedeas bond will not be heard to attack its validity, and is bound to pay the judgment against his principal. Steele v. Culver, 211 U. S. 26, 29 S. Ct. 9, 53 L. Ed. 74. How, then, can this surety possibly hope to escape liability? The conclusion is irresistible that this appeal was taken for purposes of delay only. The Revised Statutes authorize the assessment of just damages for delay—on writ of error in common-law actions by section 1010 (Comp. St. 1671) and on appeal in equity cases by section 1012 (1673). Rule XXX of this court authorizes damages for delay at a rate not exceeding 10 per cent. upon the amount of the judgment.

[3, 4] Under the circumstances, in our opinion the full amount of damages authorized ought to be assessed. We are of opinion that the proper procedure in this case is to dismiss the appeal. Wagner Co. v. Lyndon, 262 U. S. 226, 43 S. Ct. 589, 67 L. Ed. 961. It would merely serve the purpose of delay to allow the case to remain on our docket until it shall be reached in the regular course, and then affirmed.

The appeal is dismissed, and it is ordered that the clerk of this court enter judgment for appellee against appellant for damages in the sum of $2,600 and costs, and certify such judgment to the District Court.