TOM FILES ET AL. v. MRS. DELLAH BUIE ET VIR.

No. 7035. Decided February 2, 1938.
(112 S. W., 2d Series, 714.)

*Morrow & Calvert* and *Will M. Martin,* all of Hillsboro, for appellant.

*Jno. Abney* and *Andrew J. Bryan, Jr.,* of Hillsboro, for appellee.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The certificate of the Court of Civil Appeals is as follows:

"The above styled and numbered cause is now pending in this court on appeal. The record shows that Mrs. Dellah Buie was appointed guardian of the estate of Mrs. S. V. E. Covert, a non compos mentis, by the probate court of Hill County. Later the ward died and the guardian filed her final account in said court. Numerous parties who claimed to be interested in the estate of the deceased ward contested said account. The probate court, in approving the final account, approved claims in favor of the guardian for a total sum of $8,628.00. Upon appeal to the district court the amount of the guardian's claim was reduced to $4,610.41, and that court awarded all cost against the estate of the deceased ward. Tom Files and ten others constituting some of those who contested the guardian's claim in the district court, being dissatisfied with the judgment, undertook to remove the cause of this court by petition for writ of error. Jesse Munchus, Mrs. Dovie Scott Galbraith, J. O. Galbraith, Mrs. Susie Scott Lott, J. T. Lott, Bob Scott and Ralph Scott, who also contested the guardian's claim in the district court, were not named as either plaintiffs or defendants in the petition for writ of error. In the pleadings it is

alleged that these parties are interested in the estate of the deceased, but it is not shown how they are interested. However, the statement of facts shows that Jesse Munchus is a nephew of the deceased; Mrs. Dovie Scott Galbraith, Mrs. Susie Scott Lott and Ralph Scott are grandchildren of a half sister of the deceased; J. O. Galbraith is the husband of Dovie Scott Galbraith; and J. T. Lott is the husband of Susie Scott Lott. Mrs. Buie and her husband, the only parties named as defendants in error, have filed in this court a motion to dismiss the writ of error proceedings because the said Jesse Munchus and the remainder of the contestants in the trial court were not made parties to the writ of error proceedings. At a former date we sustained the motion and dismissed the appeal. A copy of our opinion is attached. The matter is now before us on a motion for rehearing. In order to properly dispose of the suit, we deem it advisable to submit to your Honorable Court the following question:

"Were the said Jesse Munchus and others, who were not named as parties in the writ of error proceedings, necessary parties thereto in order to confer jurisdiction on this court?"

To this statement we add the following: The record discloses that after the death of the ward, and prior to the action of the probate court upon the final account, W. C. Covert, surviving husband of the ward, qualified as temporary administrator of her estate. The judgment of the probate court contains the following recital:

"It appeared from the citations and returns on file herein that notice of filing said account had been duly issued, served, published and returned in the manner and form and for the length of time required by law, thereupon W. C. Covert, surviving husband and temporary administrator of the estate of the ward, Mrs. S. V. Edrington Covert, deceased, acting under appointment of this Court, appeared in his representative capacity on behalf of the estate of said decedent, and represented the interest of said deceased ward, for which purpose he was recognized by the Court and his authority as temporary administrator was then and there by the Court recognized to be sufficient for that purpose (there being no permanent administration upon said estate)."

1 As it appears that the temporary administrator was duly qualified to represent the estate in this matter, we think he is to be regarded the same as if he were permanent administrator so far as this proceeding is concerned. The record does not

affirmatively show that the administrator joined in the appeal from the probate court to the district court, but the necessary inference from the recitals in the judgment of the district court is that he was a party to the proceeding as the representative of the estate of the deceased ward.

**2, 3** Upon the death of the ward, the guardianship terminated, and the relationship of debtor and creditor immediately became established between the guardian and the estate of the deceased ward. The probate court had no further power, except to require the filing of a final account and to settle same in accordance with the statute, and order delivery of the estate to the person entitled to receive same under the law. In the matter of settling and approving final account the guardian and the ward, if living, or his or her legal representative, if there be one, as in this instance, are the real and only necessary parties to the proceeding. Roberts v. Schultz, 45 Texas 184. See also the case of Pierce v. Irish, 31 Me. 254, cited by the Court in said case. The statutes in the clearest language contemplate this. Article 4299 of the Revised Statutes of 1925 is a follows:

"Upon the filing of an account for final settlement, the clerk shall, if the ward be living and resident in the State, and his residence be known, issue a citation notifying such ward of the filing of such account, and of the term of court at which the same will be acted upon, and that *he may appear and contest such account.*" (Emphasis ours.)

Article 4300 is as follows:

"If the ward be not living but there is an executor or administrator of his estate legally qualified, such executor or administrator shall be cited as provided in the preceding article."

**4** Article 4305 provides that when the ward is dead, and there is no executor or administrator, or when the minor is a nonresident, or his residence is unknown, the court shall appoint an attorney to represent the interest of such ward in the final settlement with the guardian. In the case of Roberts v. Schultz, supra, the Supreme Court called attention to the significant fact that there is no provision in the law for citing all those interested in the estate, as is true with certain proceedings in administration of estates. We think all this unerringly indicates that if the ward be living, or if not living and the estate is represented by an administrator or executor, there is no necessity for the intervention of other parties for the purpose of contesting the account. In all events the administrator was such an essential party that obviously those attempting to

prosecute the appeal can not do so without making him a party plaintiff or party defendant in the proceeding. This they have not done. It is settled that any person, whether plaintiff or defendant, who may be directly affected in his interests or rights by a reversal or modification of a judgment is a necessary party to the writ of error proceedings. Summerlin v. Reeves, 29 Texas 85, and authorities in 3 Tex. Jur. 162. Certainly it seems to us that an administrator of the estate is an interested and adverse party within the purview of the statutes pertaining to writs of error.

As it is apparent on the face of the record that the Court has no jurisdiction in the cause, this opinion will be certified as an answer to the question propounded.

Opinion adopted by the Supreme Court February 2, 1938.