**TIPTON et al. v. TIPTON et al.**

No. 2006.

Court of Civil Appeals of Texas. Eastland.

May 3, 1940.

Rehearing Denied May 31, 1940.

Blanton & Blanton and Thomas L. Blanton, all of Albany, for appellants.

Jack W. Frost, of Eastland, for appellees.

FUNDERBURK, Justice.

Carrie Ella Tipton, joined pro forma by her husband, A. P. Tipton, the appellants herein, were the plaintiffs below. Josephine Tipton, a minor, and four other minor children of Carrie Ella Tipton, were the defendants. After suit Josephine Tipton married J. H. Latson, Jr., and, joined pro forma by her husband, answered in her own right. Jack W. Frost was appointed guardian ad litem of the defendants. At the time of trial said guardian ad litem appeared only for the minor defendants, other than Josephine Tipton Latson.

The purpose of the suit was to cancel a deed executed by the plaintiff to the defendants on April 6, 1936, by which the former conveyed to the latter certain real properties at the time constituting separate property of Carrie Ella Tipton.

The grounds upon which cancellation were sought were (1) threats by persons other than the defendants, constituting duress, inducing the execution of the deed, without consideration; (2) in the alternative, mental incapacity to execute such deed as a valid conveyance.

In a jury trial three issues were submitted, the verdict thereon being to the effect that (1) at the time of the execution of said deed Carrie Ella Tipton understood the nature of such deed and the effect of her executing the same; (2) that at or prior to the time of the execution of said deed, on April 6, 1936, John I. Chesley (brother) did not tell Carrie Ella Tipton that unless she executed such deed he would send her to an insane asylum and her children to an orphans' home; (3) that Carrie Ella Tipton did not sign and acknowledge the deed in question, of date April 6, 1936, wholly through fear that she would be sent to the insane asylum and her children to an orphans' home, unless she executed such deed.

It is from the judgment rendered in accordance with said verdict, denying a cancellation of the deed, that the plaintiffs have appealed.

The judgment denying a cancellation of the deed was not erroneous insofar as cancellation was sought on the ground of mental incapacity of Carrie Ella Tipton to execute the deed. It was not established, as a matter of law, that she was without sufficient mental capacity, since she was adjudged to have been restored to sanity on the same day the deed was executed, namely, April 6, 1936. It is immaterial that the deed was executed a few minutes before the judgment of the court was declared. In such a case the law takes no notice of the fractions of a day. The judgment, we think, was operative throughout the whole day of said April 6, 1936. O'Connor v. Towns, 1 Tex. 107; 41 Tex.Jur. 345, § 5; 62 C.J. p. 982; Dallas County v. Reynolds, Tex.Civ.App., 199 S.W. 702.

Further, the affidavit of restoration to sanity, which initiated the proceeding and invoked the jurisdiction of the court to declare Carrie Ella Tipton restored to sanity, was filed March 11, 1936. The affidavit was in accordance with law and to the effect that Carrie Ella Tipton "*has* been restored to her right mind and *is now* a person of sound mind." (Italics ours.) R.S. 1925, Arts. 4282 to 4284, Vernon's Ann.Civ.St. Arts. 4282 to 4284, inclusive. We think the judgment of restoration to sanity although rendered April 6, 1936, was effective from the date of filing of the affidavit on March 11, 1936.

There was no evidence tending to show that Carrie Ella Tipton had not been restored to sanity at the time of the execution of the deed. It is true an issue was submitted upon that question, the finding upon which was to the effect that she was not then of unsound mind.

The judgment of restoration to sanity immediately suspended the powers of the guardian to represent the estate. For all purposes material to this suit the judgment effectively ended the guardianship. It is immaterial that the formal order declaring the guardian discharged came later. R.S. 1925, Art. 4296; Files v. Buie, 131 Tex. 19, 112 S.W.2d 714; Pure Oil Co.

v. Clark, Tex.Civ.App., 37 S.W.2d 1088; Green v. Marsters, Tex.Civ.App., 79 S.W.2d 184; Easterline v. Bean, 121 Tex. 327, 49 S.W.2d 427.

If the issue of duress was raised by any of the evidence it was determined against appellants by the jury's verdict upon special issues Nos. 2 and 3. All propositions are, therefore, overruled by which it is, in effect, contended that the court erred in not granting appellants judgment on that ground.

■ The uncontroverted evidence did not, as contended by appellants, show that legal title to the property was in the guardian. The pendency of a guardianship proceeding does not divest legal title out of the ward, or vest same in the guardian.

■■ The uncontroverted evidence did not show, as further contended by the appellants, that the conveyance sought to be canceled was without consideration. Even if so, however, the fact is of no conclusive importance. If it be granted that there was no valuable consideration the relation of the parties under the circumstances was such, in the absence of consideration, sufficient to show a gift. "Had the deed been a pure gift, it could not have been undone on the ground of want of consideration." Newman v. Newman, Tex. Civ.App., 86 S.W. 635, 637; Lott v. Kaiser, 61 Tex. 665; 7 Tex.Jur. p. 937.

■ There was no occasion for the court to give a definition of the terms "duress" or "undue influence" since neither term was used in the statement of any of the special issues. In a case submitted upon special issues, the only authority or requirement for giving definitions is the provision of R.S. 1925, Art. 2189, making it the duty of the court to "submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." It is needless to say that it is never necessary for the court to give an explanation or definition of a legal term which is not used in the statement of any of the special issues.

■ The assignments and propositions based upon the action of the court in overruling objections to special issue No. 2 are likewise overruled. Special issue No. 2 was "Do you find from a preponderance of the evidence that prior to the time or at the time of the execution of the deed in question of date April 6, 1936 the witness John I. Chesley told plaintiff Carrie Ella Tipton that unless she executed such deed he would send her to an insane asylum and her children to an orphans' home?" The issue as so stated did not, as contended, constitute two issues, nor was it subject to the criticism that it is merely evidentiary and not an ultimate fact issue.

■ The same may be said of assignments of error and propositions relating to the action of the court in overruling objections to special issue No. 3. That issue was "Do you find from a preponderance of the evidence that the plaintiff Carrie Ella Tipton signed and acknowledged the deed in question of date April 6, 1936 wholly through fear that she would be sent to the insane asylum and her children to an orphans' home unless she executed such deed?" The issue as thus stated was a ground of duress, as alleged, and was, therefore, not subject to the objection that it gave undue prominence to evidence. Neither, we think, did the issue embrace the subject matter of two distinct issues. The real issue was the execution of the deed of which the signing and acknowledging were but elements of such execution.

■ The assignments of error and propositions by which it is contended that the judgment was contrary to the law and the evidence are also overruled. The verdict warranted and required the judgment. Hence, if there was any error it inhered in some other ruling or action of the court and not in the act of rendering the particular judgment which, as said before, was in accordance with the verdict.

We have examined the assignments of error and propositions relating to the admission and exclusion of evidence and our opinion is that no error is shown. It is deemed unprofitable to take each of these matters up and discuss them in detail.

All other assignments and propositions have also been considered and it is our conclusion that they should be overruled.

Being of the opinion that no material error is shown and that the judgment should be affirmed, it is accordingly so ordered.