**SHANKLIN et ux. v. ROGERS et al.**

**No. 4568.**

Court of Civil Appeals of Texas. El Paso.

May 12, 1948.

James H. Martin, of Dallas, for appellants.

White & Yarborough, of Dallas, for appellees.

McGILL, Justice.

The suit was brought by a minor by her father as next friend, and by the father individually, against the owners of a riding academy or place where saddle horses were rented for hire to the general public, for damages because of injuries suffered by the minor when a horse which she had rented from the Academy ran into the side of an automobile while she was riding it and threw her. Trial was to the court without a jury. The court rendered judgment in favor of the minor for $650.00 and in favor of her father for $100.00.

By their brief appellees object to the consideration of this appeal and move that it be dismissed because the appeal bond filed by appellants is payable to the County Judge of Dallas County, and not to appellee,

or the Clerk, as provided by Rule 354, Texas Rules of Civil Procedure. We overrule this objection and motion. The bond, though defective, is in fact a bond and upon timely request may have been amended. Grogan Mfg. Co. v. Lane, 140 Tex. 507, 169 S.W.2d 141.

The failure to include the proper obligees in the bond is not jurisdictional. Speckels v. Kneip, Tex.Civ.App., 170 S.W.2d 255, loc. cit. 258, Wr.Ref.

Such defects are waived by failure to present objections to the bond by motion within thirty days after the transcript is filed. Rule 404, T.R.C.P., Conlee v. Burton, Tex.Civ.App., 188 S.W.2d 713, loc. cit. 720.

The sole point presented is that the evidence is wholly insufficient to show negligence on the part of appellant and prayer is that the judgment be reversed and rendered.

The basis of liability of a liveryman or other person who lets a horse for hire seems to be a question of first impression in this state. The rule in other jurisdictions is thus stated in an annotation in 12 A. L.R. 778:

"* * * the rule is well settled by the authorities that, in the ordinary contract of this character, a liveryman, or other person who lets a horse for hire, is under an obligation, sometimes spoken of as an implied warranty, to furnish a reasonably safe animal for the purpose known to be intended, and for failure to use due care to discover dangerous propensities in such animals, or to disclose them to the hirer, he may be held liable for damages due to the exercise thereof."

This rule is supported by later decisions in a supplemental annotation appearing in 131 A.L.R. 847. Since appellee's cause of action was grounded on negligence of appellants, we need not concern ourselves as to whether there was an absolute liability because of any implied warranty. We shall confine our discussion to the sole point raised by appellants, i. e., that the evidence is insufficient to show such negligence. No findings of fact were requested or filed and of course every finding which finds support in the evidence and which is necessary to support the judgment will be presumed. The specific acts of negligence alleged are:

"(a) That defendants maintained and kept a horse at their riding stables for the purpose of being rented out to the general public that was blind or practically blind; (b) That defendants rented a horse to Joan Rogers that was blind or practically blind without warning her that the said horse could not see; (c) That defendants permitted Joan Rogers to mount a horse and ride same away from defendants' stables that was blind or practically blind; (d) That defendants rented to and permitted Joan Rogers to ride a horse owned by them that was unsafe; (e) That defendants rented to and permitted Joan Rogers to ride a horse that was hard to control, and could not be handled by a child of the age of Joan Rogers; (f) That defendants caused and permitted Joan Rogers to ride a horse without first ascertaining that a girl of her age and training would be able to handle said horse."

The evidence is sufficient to show that for about a year prior to July 4, 1946, the date the minor sustained her injuries, appellants had operated a riding academy known as the Sunrise Stables at Irving, Texas, and had rented saddle horses for riding to the general public, including young children; that on that date appellee Joan Rogers, a little girl twelve years of age, accompanied by her brother and sister eighteen and sixteen years of age at the time of the trial, went to the Sunrise Stables and rented horses for riding from appellant, Mrs. Jacle Shanklin, who was in charge of the stables at the time. The children rode off, going toward their home, which was about a mile distant. After they had left the stables and were going south on Nursery Road the horse on which Joan was riding ran into an automobile which had come into Nursery Road from the east on Pecan Street, and had turned North on Nursery Road. The automobile had practically come to a stop on the right hand side of Nursery Road going north. A. G. Archer, who was riding in the front seat on the right hand side of the car testified that he noticed the horse loping down the road and saw the little girl pulling back

on the reins; that the horse stumbled into the back of the car as the car was almost at a perfect stop; that he bumped into the left rear fender or bumper and threw the child when he stumbled; that someone mentioned that the horse was one-eyed and in an effort to find out he threw his hand up and the horse did not bat his left eye. Joan testified that the automobile had stopped completely; that she was trying to make the horse stop or go to the right and it had swerved around and "run up to the car" and she fell off. Mrs. Hallie Rogers, Joan's mother, testified that she talked with Mrs. Shanklin the day of the accident and asked her if she knew the horse was blind, and she said "it was not totally blind, it can see some." Mrs. Shanklin testified that appellants had had the horse in their service three or four months prior to the date of the accident and that she had ridden it herself.

This evidence is sufficient to support an implied finding that the horse in question was blind, or partially blind, in its left eye, and for this reason was hard to control, and that appellants knew, or in the exercise of ordinary care should have known these facts. The placing of such an animal in the hands of a child of tender years was sufficient to warrant a finding of negligence. As this is the only question presented, the judgment will be affirmed.

It is so ordered.