Elna PFEFFER et al., Appellants,

v.

Alvin MEISSNER et al., Appellees.

No. 12891.

Court of Civil Appeals of Texas.

Galveston.

Nov. 23, 1955.

Original Motion for Rehearing Denied
Jan. 5, 1956.

Second Motion for Rehearing Refused
Jan. 26, 1956.

W. H. Betts, Hempstead, for appellants.

W. D. Bryan, Sealy, and W. I. Hill, Bellville, for all appellees except Storey J. Sloane.

Townes & Townes, Edgar E. Townes, Jr., Houston, for appellee Storey J. Sloane.

GANNON, Justice.

The parties will be referred to as in the trial court.

This is an appeal by Halley and Seldon Pfeffer, as well as by Elna and Cynthia Pfeffer, who composed all parties, plaintiff in the trial court, from an interlocutory order denying injunctive relief pending final disposition of a suit seeking to have declared void a certain order of June 19, 1951, entered in Cause No. 8015, a partition suit styled Elmer J. Pfeffer et al. v. Halley Pfeffer et al. in the District Court of Austin County, and to enjoin any action being had and taken by any party under said order and subsequent orders based thereon. Defendants in the trial court were the six plaintiffs in No. 8015 as well as Messrs. Alvin Meissner, T. A. Maddox, J. D. Kamas and Storey J. Sloane. The occasion for the presence in the litigation of the four parties last named will appear later. We have grouped Halley and Seldon Pfeffer together and Elna and Cynthia Pfeffer together because, as will hereinafter appear, Halley and Seldon Pfeffer are differently related to the proceedings and end results in Cause No. 8015 than are the plaintiffs, Elna and Cynthia Pfeffer. Halley and Seldon Pfeffer were appellants in Cause No. 12,726 in this Court, in which appeal the very orders now sought to be set aside were attacked. See our opinion in that appeal reported in Pfeffer v. Pfeffer, Tex.Civ.App., 269 S.W.2d 436, 438, writ refused, n. r. e., wherein we held Seldon and Halley Pfeffer were estopped to complain of the disputed orders and wherein, referring to the very orders presently under attack, we said, "the court did not err in refusing to set aside its proceedings so taken about three years before, as so belatedly contended for by the appellants upon this trial."

We are met at the threshold with a motion to dismiss the entire appeal as frivolous, no distinction being made in the motion between the appeal of Halley and Seldon Pfeffer and that of Elna and Cynthia Pfeffer. An examination of the motion reveals actually that it is based upon res adjudicata, which in turn is based upon the results of the prior appeal of Halley and Seldon Pfeffer. Obviously nothing ruled in the prior appeal is res adjudicata as to Cynthia and Elna Pfeffer, who were not parties to it. We are cited to Federal Court precedent for our right to dismiss the appeal as frivolous. See Robertson v. Wilkinson, 5 Cir., 10 F.2d 311. We doubt our authority to sustain the motion on the grounds indicated, especially as against Cynthia and Elna Pfeffer. See Rule 451, T.R.C.P., making it mandatory upon us to decide all issues both of law and fact which may be presented to us by proper assignments of error, which we now proceed to do. The motion to dismiss the appeal is overruled.

It is impossible to understand even the general nature of the issues without a rather full statement of the facts, which follows:

Facts.

1. On January 10, 1951, there was filed in the District Court of Austin County a partition suit, seeking partition of two tracts of land, property in their lifetimes of Minnie and Albert Pfeffer. The plaintiffs Elmer J. Pfeffer et al., being six in number, were the alleged owners of a 40% undivided interest in the subject lands. The defendants, Elna Pfeffer et al., were

alleged to be the owners of a 60% undivided interest. It appears that the parties to the partition suit were all of the heirs at law of Albert and Minnie Pfeffer, Deceased. No administration on the estate of either was ever had.

2. On the 20th day of February, 1951, the cause came regularly on for hearing. All of the plaintiffs appeared and announced ready for trial. Though all of the defendants, including Halley, Seldon, Cynthia and Elna Pfeffer, were duly and legally cited to appear and answer, none appeared save Malinda Pfeffer, a person of unsound mind, who answered through her guardian ad litem. All remaining defendants wholly made default. No jury having been demanded, the matters of fact as well as of law were submitted to the court, who, after making findings in line with the allegations of the petition, decreed that the subject lands be partitioned in kind and distributed between plaintiffs and defendants. The defendants Halley and Seldon Pfeffer and Cynthia and Elna Pfeffer were decreed the owners of a ⅒th interest each, or a 40% interest collectively. Commissioners to make partition in kind were appointed with directions to file their written report under oath.

3. On May 2, 1951, at the same term of court, but more than thirty days after February 20, 1951, the commissioners, contrary to the finding in the order of February 20, 1951, reported under oath that the lands were incapable of partition in kind among the parties in an equitable manner and recommended that a receiver be appointed to sell the lands and that the proceeds be distributed among the owners.

4. No further action in the partition proceeding was had until the succeeding term when, on the 19th day of June, 1951, and a date more than thirty days later than both the order of February 20, 1951, and the commissioners' report filed May 2, 1951, the commissioners' report came on for consideration. At this time all defendants, save Malinda Pfeffer, remained in default and there appeared before the court only the plaintiffs and the guardian ad litem for the incompetent defendant, Malinda Pfeffer. At this hearing the court found contrary to its decree of February 20, 1951, and in line with the report of the commissioners that the subject lands were "incapable of partition in kind in a fair and equitable manner." The court therefore appointed Alvin Meissner receiver to make private sale of the subject lands with directions to report such sale to the court for confirmation. We pause here to note it is the contention of plaintiffs, who were four of the defendants in the partition suit, that this order of June 19, 1951, and all subsequent proceedings are void on the theory of coram non judice. In alleging lack of jurisdiction the petition for injunctive relief does not distinguish between jurisdiction of the subject matter and jurisdiction of the person but we think it is clear plaintiffs' contentions are based entirely upon a claim of lack of jurisdiction of their persons, so as to bind them by the order of June 19, 1951, and subsequent proceedings based thereon. For this reason plaintiffs contend all such orders are void and that they should be vacated.

5. So far as shown by the record, the plaintiffs, Elna and Cynthia Pfeffer, have made no appearance in or taken any notice of the proceedings in No. 8015 prior to the filing of this suit for injunction. But this is not true of the appellants, Halley and Seldon Pfeffer, who addressed to the receiver an unsuccessful low bid for the subject lands on December 30, 1953. This was at a time when they had previously filed, on September 18, 1951, in cause No. 8015, a plea to the jurisdiction which then remained undisposed of. As we read this particular plea, it is based on the theory that only the probate court had jurisdiction to order a partition since four years had not then elapsed after the deaths of Albert and Minnie Pfeffer and each and both died leaving debts which had not been paid. The plea to the jurisdiction, which is styled a "bill of review," sets out that application is being made to the probate court for letters of administration on the estates of Albert and Minnie Pfeffer. This plea to the jurisdiction styled "bill of review," but

which impresses us as a motion to vacate, takes notice of all proceedings up to the date of its filing, including the appointment of defendant, Alvin Meissner, as receiver to sell the land. The sweep of the prayer of the plea to the jurisdiction, or bill of review, is apparent from the following language praying that "this Bill of Review be granted and that upon a hearing upon the merits hereof, said Cause No. 8015 so initiated by petitioners on January 10, 1951, and all proceedings relative to the partition ·therein sought, be set aside and said Cause No. 8015 be dismissed and that such orders as may· have heretofore been made and entered by this Honorable Court relating to the same be set aside and held for nought." A reading of this pleading leaves one with the impression that the sole basis of the claim of lack of jurisdiction is the alleged exclusive jurisdiction of the probate court.

6. Before hearing on the bill of review, or plea to the jurisdiction, final judgment following an appeal to the District Court was entered denying application for letters of administration on the estates of Albert and Minnie Pfeffer. Apparently the receiver had delayed all efforts to make a sale of the subject lands pending the disposition of the application for letters of administration.

7. On January 8, 1954, Alvin Meissner, receiver, reported sale of the subject lands consisting of two tracts to defendants, J. D. Kamas and Storey J. Sloane, respectively.

8. Later and on January 21, 1954, Halley and Seldon Pfeffer filed in Cause No. 8015 a pleading denominated "reply to report of Alvin Meissner, Receiver." By this pleading Halley and Seldon Pfeffer continued the prayer of their prior plea to the jurisdiction and bill of review and additionally insisted that the subject lands were susceptible of partition in kind. This position was coupled with allegations of good faith permanent and valuable improvements on parts of the land, and with alternative allegations of just claims against the estates of Albert and Minnie Pfeffer con-

stituting equitable liens on the undivided interests of their cotenants which should be recognized and enforced. The prayer of this pleading adopts and continues the prayer of the earlier plea to the jurisdiction and bill of review and proceeds to ask for the following affirmative relief: "that said judgment heretofore entered by this Court determining, if it did, that the above said lands were insusceptible of partition in kind, ordering the same sold and appointing said Receiver to sell the same, and that the said 'Report' of such purported Receiver, Alvin Meissner, filed herein on January ———, 1954, be in all things dismissed; that this Court adjudge such lands susceptible of partition in kind, in accordance with law and equity; and, in the alternative, and only in the alternative, that said defendants be paid the contributions herein claimed by them from the proceeds of any sale of such property prior to a partition of distribution thereof among any person or persons whomsoever."

9. On January 22, 1954, a hearing was held, at which the court considered the receiver's report of the sale of the separate tracts of land to J. D. Kamas and Storey J. Sloane, respectively, as well as the objections thereto of Halley and Seldon Pfeffer and additionally their original plea to the jurisdiction and bill of review. At this hearing the receiver's report of·the sale was approved and the sale confirmed. All objections to the report were denied and Halley and Seldon Pfeffer were denied relief on their bill of review as well as all other relief prayed for by them. At this hearing Halley and Seldon Pfeffer, who were present, excepted to the rulings of the court and gave notice of appeal, which they prosecuted to this Court. The court's order recites that due notice of the filing of the commissioners' report and of the application for confirmation of the sales was "given to all parties to this cause."

10. The briefs of the parties refer without challenge to the proceedings in the prior appeal of Halley and Seldon Pfeffer. We have examined these and are satisfied that Halley and Seldon Pfeffer raised all jurisdictional questions and issues in the

prior appeal that are raised in the instant suit.

The presence in the case of defendant Maddox is accounted for by the fact that he is sheriff of Austin County and there has been directed to him in his official capacity a writ of assistance ordering him to assist the receiver in placing the purchasers at the sales above referred to in possession of their respective tracts of land.

### Opinion.

Ordinarily an appeal from an order granting or denying an interlocutory injunction is to be determined on the proper exercise by the trial court of judicial discretion, however the present is not of that class because by an application of the law to the undisputed and uncontradicted facts the right or lack of it of plaintiffs to temporary relief is readily apparent.

■ If the order of June 19, 1951, and all subsequent proceedings are void and the plaintiffs Elna and Cynthia Pfeffer are in position to complain of these orders on that account, it is obvious that nothing done by plaintiffs Halley and Seldon Pfeffer either in the trial court in Cause No. 8015 or on their prior appeal can estop Elna and Cynthia Pfeffer, albeit it is obvious, we think, that the very matters, which Halley and Seldon Pfeffer now ask us to determine, have previously been determined against them. As to Halley and Seldon Pfeffer, it is sufficient, as held by us in the prior appeal, that they are estopped to complain of the order of June 19, 1951, and subsequent proceedings. However our judgment of affirmance necessarily implied a holding that the trial court had jurisdiction to enter all orders complained of in the prior appeal, including the basic order of June 19, 1951. See Humble Oil & Refining Co. v. Fisher, 152 Tex. 29, 253 S.W.2d 656, 661, holding that the rendition of a judgment by a court implies a decision that the court had jurisdiction of what was adjudged. Our affirmance on the prior appeal of the trial court's judgment made that judgment our own and necessarily implied that the trial court had jurisdiction to make, and this Court to affirm, the orders complained of against the contention that they were void for want of jurisdiction.

■ We come now to consider the appeal of plaintiffs, Elna and Cynthia Pfeffer. We are clearly of the opinion that these plaintiffs cannot prevail because, (1) we are convinced that however *erroneous* it may have been, the court had full *power* to make and enter its order of June 19, 1951, and subsequent orders based thereon, and (2) that plaintiffs, Elna and Cynthia Pfeffer, having had actual notice and being charged with notice thereof, may not at this late date complain of the entry of these orders, and this wholly without regard to any principle of stare decisis based on our prior order and opinion in the appeal of Halley and Seldon Pfeffer.

In Texas partition is governed by statute and court rules. See Article 6101, V.A.T.S., et seq. and Rule 756 et seq., T.R.C.P.

■ From the earliest times partition proceedings have been conducted in successive stages, each having separate finality and appealability. In Waters-Pierce Oil Co. v. State, 1907, 107 Tex. 1, 106 S.W. 326, 328, Judge Brown, adverting to the fact that at times there may be several distinct appeals in the same case "when orders are made at different times which finally dispose of the subject-matter of that particular order", proceeded to say: "A familiar instance is a case of partition, wherein there may be a decree which determines the rights of the parties in the property and is a final judgment upon the merits of the case. From this an appeal may be taken, leaving the case before the court for the purpose of actual division of the property among the claimants according to the decree entered. When the partition shall have been made and the decree of partition entered, there is another final judgment or order, from which an appeal may likewise be taken. White v. Mitchell, 60 Tex. 164; Moor v. Moor (Tex.Civ.App.) 63 S.W. 347." See also Woodhead v. Good, Tex. Civ.App., 27 S.W.2d 374.

■ At one time our statutory procedure contemplated that a decree of partition should first be entered without a determination of the susceptibility of the property to partition in kind which was to be determined in the first instance by the commissioners appointed to execute the partition. See Kindlea v. Kosub, Tex.Civ.App. 1908, 110 S.W. 79, construing Article 3621 of the Revised Statutes of 1895. Earlier and similar statutes are referred to in Tieman v. Baker, 1885, 63 Tex. 641, where it is said that upon the report of the commissioners coming in the issue of susceptibility to partition in kind vel non was to be tried on exceptions to the commissioners' report as in other cases. We have no doubt that the right of a party to have property susceptible thereto partitioned in kind is a valuable one and fully protected by law when properly asserted and preserved.

Our present procedure as prescribed by the Rules contemplates an initial hearing at which all questions of fact, law or equity affecting the title shall be determined. See Rule 760, T.R.C.P. It is also contemplated that at this initial hearing the susceptibility of the property involved to partition in kind shall be determined. See Rules 761 and 770, T.R.C.P.

■ We have no doubt that the order entered by the court on February 20, 1951, was a final and appealable order, binding on all parties until and unless set aside or superseded by a later competent, albeit contradictory, order governing the same subject matter. McFarland v. John W. Hall's Heirs, 17 Tex. 676; White v. Mitchell, 60 Tex. 164; Tieman v. Baker, 63 Tex. 641.

■ However it is apparent both from the Rules and from the foregoing cases, particularly the case of McFarland v. John W. Hall's Heirs, that the entry of a final order determining the interests, rights and equities of the parties and the susceptibility of the property to partition in kind does not divest the court either of jurisdiction of the parties or of the actual execution and carrying out of the partition. In fact, it is expressly held in McFarland v. John

W. Hall's Heirs that the court has continuing jurisdiction up to and including the entry of a definitive order finally decreeing the actual execution of the partition and by purely informal proceedings to set aside its initial determinations even after they have become final by lapse of time and this without a new proceeding such as by bill of review which would require the issuance of new citations to confer jurisdiction of the person on the court. In that case the trial court, pending actual execution of a partition, without a new original petition or proceeding and without the issuance of new or additional citations, proceeded to change and alter its original decree which had become final by lapse of time. The power of the court to do this informally and without the institution of a new proceeding and the issuance of new citations was upheld on appeal. The court said, "If the appellees have shown sufficient matter in opposition to the decree to entitle them to have it set aside after the term, and to a review or new trial upon the merits, the form of the proceeding would not be material. While the parties were before the court, for any purpose, a new original petition or proceeding was unnecessary. The party might state their grounds for a new trial or review in the mode here pursued [a simple application at a subsequent term], as well as by a new independent proceeding."

■ In Tieman v. Baker, supra, and in White v. Mitchell, supra, the failure of the trial court in its final decree executing the partitions involved to give effect to what had been determined in its initial decree determining the rights, titles and equities of the parties, was ruled to be error. There is no suggestion in either of these cases that the court was without power to enter the later orders complained of because these later orders were in conflict with determinations which had been made in the initial orders at previous terms. And the reason is plain to our minds. What is determined in the initial orders of course becomes res adjudicata, but only res adjudicata. Nothing determined there becomes sacrosanct in the sense that until set aside

any subsequent conflicting determination is ipso facto void. After all, res adjudicata is only an affirmative defense which must be affirmatively plead to be availed of.

In the instant proceeding the entry by the court of its order of February 20, 1951, did not divest it of jurisdiction, in the sense of power, to enter any and all orders appropriate or necessary to carry out an actual division and distribution of the property among the parties. Since the court retained full jurisdiction of the parties and of the subject matter of the actual division and distribution of the subject property, the fact that its later order might be improper or in conflict with its prior order would not render it void but only erroneous. And such error is of course waived unless availed of by direct appeal.

Since all of the plaintiffs in the present suit, Halley, Seldon, Cynthia and Elna Pfeffer, were, in contemplation of law, before the court pursuant to the original citations at the time of the entry by the court of all orders of which they complain, and since these orders have long since become final and nonappealable, all the plaintiffs are irrevocably bound thereby until and unless they be set aside in a proper, equitable proceeding for that purpose. The present suit for injunction is not such an equitable proceeding but is actually a motion to vacate on purely legal grounds and we hold that an application of the law to the undisputed facts left the trial court with no alternative but to deny the plaintiffs relief.

None of the plaintiffs alleged, nor could they allege, want of knowledge (constructive at least) of the entry of the various orders complained of since, pursuant to the original citations, they were before the court at all times in relation to the entry of all orders designed to effect an actual division and distribution of the properties among the interested parties. There is not and cannot be a claim that the District Court of Austin County was without jurisdiction of the subject matter of the partition suit. The sole claim is that the court was without jurisdiction of the person. This contention we have overruled, however we hold additionally that in the absence of pleading and proof to show that the plaintiffs, who seek to vacate the judgment as void for want of jurisdiction of their persons, did not know of the entry of the orders complained of in time to file a motion for a new trial and to appeal, there can be no equitable relief. See 25 Tex.Jur., title Judgments, Sec. 225, page 640, where it is said, "Void or Voidable Judgment.— Where a judgment is either voidable or void for lack of jurisdiction over the person of the defendant, and not for lack of potential jurisdiction over the subject matter (because of the amount in controversy or the nature of the action), and the defendant learns of its rendition in time to file a motion for a new trial and to appeal, but fails to do so, he is not, as a general rule, entitled to invoke the equity power of the court by a bill of review or injunction. If lack of jurisdiction over the person is apparent of record, the error should be corrected by appeal unless the plaintiff, exercising due diligence, cannot so procure relief."

Addressing ourselves especially to the 22 formally assigned points of error brought forward by appellants, we hold as follows:

1. It was not necessarily error, as contended by appellants, for the trial court on June 19, 1951, to enter an order partially in conflict with its prior order of February 20, 1951. All parties being before the court the court had equitable power informally and without the institution of a new independent proceeding and without additional pleadings and citations to correct what may very well have appeared as a manifest mistake in its order of February 20, 1951, determining the property to be susceptible of partition in kind.

2. We hold under the facts stated that the trial court had full jurisdiction both of the subject matter and of the parties to render its judgment of June 19, 1951.

3. We hold that the order of June 19, 1951, was not void.

4. We hold that it was not error for the trial court on January 30, 1954, to approve the receiver's report of sale and that the court's order in so doing was valid, said order being predicated, as we have previously held, on the valid order of June 19, 1951.

5. We hold the trial court did not err in refusing to grant injunctive relief on the theory the order of June 19, 1951, was void.

6. We hold the trial court did not err in finding that the plaintiffs have failed to show themselves entitled to equitable relief.

7, 8, 9 and 10. We pretermit discussion of appellants' Points 7 to 10, both inclusive, complaining of fact finding No. 2 of the trial court. These points assume such fact finding to be that separate and additional citations issued to the defendants requiring them to appear at the June 1951 term. We do not so construe the finding. We take it to be undisputed that the defendants were cited only once and that such citations were issued and returned during the January 1951 term of court.

11. We hold that this Court did acquire jurisdiction of all orders entered by the trial court prior to the former appeal designed to carry out an actual partition and division of the subject properties, including jurisdiction to review and affirm the order of June 19, 1951. We further hold that our order of affirmance in the prior appeal ruled and constituted the orders of the trial court complained of therein as valid orders of this Court.

12. We hold that the order of June 19, 1951, was a final judgment, complete in itself, and appealable.

13. We hold that the order of January 30, 1954, was a final judgment, complete in itself, and appealable.

14. We hold that this Court at all material times had potential appellate jurisdiction over all orders entered in Cause No. 8015 by the District Court of Austin County and that this potential jurisdiction attached as to all orders entered subsequent to the order of February 20, 1951, and prior to the former appeal of Halley and Seldon Pfeffer.

15. We hold that the order of January 30, 1954, was a final order, complete in itself, and appealable and that this Court acquired jurisdiction to review same by the prior appeal of Halley and Seldon Pfeffer.

16. Appellants' Point 16 covers the same ground as Point 15, ruled on above, except that it refers to the exercise of jurisdiction by the Supreme Court. Since the Supreme Court refused a writ of error, we rule that it saw fit not to exercise its potential jurisdiction to review the orders of the trial court and of this Court.

17. Point 17 raises the point that the order of January 30, 1954, confirming the sale by the receiver was void because it did not in itself as between all the parties dispose of all the issues raised by all the pleadings in the entire partition proceeding. We overrule this point.

18. This point reads as follows:

"In the appeal of Halley Pfeffer and Seldon Pfeffer in Cause No. 8015, Elmer J. Pfeffer et al. v. Hadley et al.; (Halley Pfeffer et al., appellants, v. Elmer J. Pfeffer et al., appellees, No. 12,726 [Tex.Civ.App.], 269 S.W.2d 436), the appellants therein, Halley Pfeffer and Seldon Pfeffer, in the trial court as well as on appeal, contended that the original partition decree of February 20, 1951, was not a final judgment and the trial court had jurisdiction at a subsequent term to modify the same so as to recognize and protect such parties' equities; but did not therein present a point or proposition to the court of civil appeals challenging the jurisdiction of the trial court to render and cause to be entered its judgment of June 19, 1951, and any consideration of the validity of such latter judgment was collateral and incidental." We overrule this point.

19. Point 19 reads as follows:

"Appellants Halley Pfeffer and Seldon Pfeffer did not validate the void judgment of June 19, 1951, by appearance at or their opposition to the judgment of January 30, 1954; because jurisdiction could not be conferred by waiver or retroactively."

We overrule this point. We have previously held that the order of June 19, 1951, was not void. Further we are of the opinion that Halley and Seldon Pfeffer, by their conduct in No. 8015 up to and including the order of January 30, 1954, particularly on account of their prayer for affirmative relief, are estopped by judgment from further complaint of the order of January 30, 1954, and all prior foundation orders thereof.

20. Point No. 20 reads as follows:

"The trial court erred in finding and stating that Elna Pfeffer, Cynthia Pfeffer, and Halley Pfeffer appeared before the court in 'Several Hearings' in cause No. 8015; because there is no evidence of the presence or participation of said parties (other than Halley Pfeffer) in the proceedings in said former cause at any time."

We sustain this point but hold the error is harmless.

21. Point 21 complains of the trial court taking judicial notice of any part of the proceedings in Cause No. 8015 not shown and established by the record in the injunction suit below. We overrule the point. Properly viewed the injunction suit is a direct attack on orders entered in No. 8015 in the nature of a motion to vacate filed in the very court which rendered the orders complained of. We rule it was entirely proper for the trial court without proof to take notice of and consider all prior proceedings in Cause No. 8015.

22. We hold the trial court properly construed the opinion and decree of this Court in the prior appeal of Halley and Seldon Pfeffer as ruling the order of June 19, 1951, in Cause No. 8015 to be a valid order and as affirming that order as the order of this Court.

Affirmed.

## On Motion for Rehearing.

We desire to withdraw certain parts of our opinion on original submission which, while not material to the result reached, we feel to be erroneous.

On original submission we ruled that Elna and Cynthia Pfeffer, two of the appellants in this cause, were not parties to the appeal of Cause No. 8015 in the trial court, which appeal took No. 12,726 in this Court, and therefore that they were not parties to and bound by our order of affirmance of the trial court's judgment. In their motion for rehearing the relators in Meissner v. Fuchs, Tex.Civ.App., —— S.W.2d ——, have called our attention to the Supreme Court case of Thompson v. Kelley, 100 Tex. 536, 101 S.W. 1074. Based on that and other cases, we have concluded that Elna and Cynthia Pfeffer were parties to the appeal in Cause No. 12,726 in this Court and that they are therefore bound by our judgment rendered therein.

The suit numbered 8015 in the District Court was a partition suit and the order entered in that case from which the appeal was taken was one among other things confirming a sale of the land involved, made pursuant to a prior foundation order finding the land not susceptible of partition in kind. It is clear, had we reversed in the appeal from No. 8015, that the rights of all parties to the judgment appealed from, including Elna and Cynthia Pfeffer, would have been materially affected. It is true that only Halley and Seldon Pfeffer gave notice of appeal from the trial court's judgment in No. 8015. It is also true that the appeal bond filed by them in that case named as obligees only the plaintiffs in No. 8015 and that it did not name as such obligees either Elna or Cynthia Pfeffer or any other defendant or other party to the proceedings. Nevertheless it seems to be settled law that all par-

ties, including defendants, as well as plaintiffs, are necessary parties on appeal from such a 'judgment as that rendered in No. 8015, and that the notice of appeal and the filing even of the defective bond—defective for failure to name as obligees all necessary parties—were sufficient to give this Court jurisdiction of the entire cause and of all issues and parties involved.

Because of lack of necessary parties, were this not true, we would not have acquired jurisdiction of the appeal from the trial court's judgment in No. 8015. See Thompson v. Kelley, 1907, 100 Tex. 536, 101 S.W. 1074. In that case the appeal bond was made payable to all other parties to the judgment but since Hugo v. Seffel, 1899, 92 Tex. 414, 49 S.W. 369, the result is no different even in the case of the filing of an appeal bond defective either in form or substance at least in the absence of a motion to dismiss and opportunity to remedy the defect.

██ The substance of the statute upon which Hugo v. Seffel was decided is incorporated in T.R.C.P. Rules 404 and 430. See Conlee v. Burton, Tex.Civ.App.1942, 188 S.W.2d 713, 720, from which we quote, as follows: "Furthermore, it seems to be well settled that when there are defects of substance or form in an appeal bond, such defects are not jurisdictional and are waived by failure to present objections to the bond by motion within thirty days after the transcript is filed. Williams v. Wiley, 96 Tex. 148, 71 S.W. 12; Pillow v. McLean, 126 Tex. 349, 88 S.W.2d 702; Roberts v. Stoneham, Tex.Civ.App., 31 S.W.2d 856; Neely v. Tarrant County, 132 Tex. 357, 124 S.W.2d 101; Keys v. Alamo City Baseball Co., Tex.Civ.App., 142 S.W.2d 694; 17 Tex.Law Review, Vol. 4, p. 482; Vernon's Texas Rules Civil Procedure 404, 430. In this case, no motion having been filed challenging the substance or form of the bond, and the bond on its face (supported by the records and briefs of the parties) showing conclusively that appellant has attempted to perfect appeal in the two separate appealable orders, we must hold that the bond is sufficient for the purpose of effecting the appeal in both the venue order and the final judgment."

██ Thompson, Morris & Co. v. Pine & Poindexter, 1881, 55 Tex. 427, as well as the text of 3a Tex.Jur., Title "Appeal and Error," Sections 127, 128, pages 160, 161, are in point on the proposition that all parties whose interest in the subject matter of the proceeding would be affected by a modification or reversal of the judgment, are necessary parties to an appeal. See also Shanklin v. Rogers, Tex.Civ.App.1948, 213 S.W.2d 730, and Speckels v. Kneip, Tex.Civ.App., 170 S.W.2d 255, following Grogan Mfg. Co. v. Lane, 140 Tex. 507, 169 S.W.2d 141, on the point that failure to include proper obligees in the appeal bond is not jurisdictional and that absent a timely motion to dismiss the defect is waived.

██ An appeal is distinguishable from a writ of error proceeding where the failure to name in the petition for the writ all parties whose interest might be affected by reversal or modification is fatal. Files v. Buie, 1938, 131 Tex. 19, 112 S.W.2d 714.

We now rule that Elna and Cynthia Pfeffer were parties to the prior appeal in Cause No. 8015 of the trial court, No. 12,-726 in this Court, and that they are therefore bound by our order of affirmance of the trial court's judgment.

In our opinion on original submission, as is evident from several expressions appearing therein we ruled that this Court acquired direct appellate jurisdiction by the appeal in No. 8015, of the trial court's order of June 19, 1951, and that our affirmance of the trial court's judgment of January 30, 1954, operated to make the order of June 19, 1951, our own. In this we were in error. Such ruling is inconsistent with our contemporaneous holding that the order of June 19, 1951, was a final judgment, complete in itself, and appealable, to which we adhere. See the cases cited in the footnotes to § 135, sub-sec. b(6), and § 145, 4 C.J.S. Title, Appeal and Error.

We withdraw our holding that by the appeal of No. 8015 we acquired direct appellate jurisdiction of the order of June 19, 1951. This is because no timely appeal was taken therefrom. However, this is not to say that we did not acquire jurisdiction to rule on the validity of the order. It was a foundation order for the order of confirmation of January 30, 1954, and its validity was directly drawn in issue by the attack of Halley and Seldon Pfeffer made on it as a basis for their claim of right to a bill of review and as a basis of their opposition to confirmation of the receiver's report of sale. This attack was overruled by the trial court's order of January 30, 1954. The attack presented to the trial court in No. 8015 was brought forward for our review in the appeal from the order of January 30, 1954, and was considered and overruled by us in determining the validity of the order of January 30, 1954, which was appealed from. This made our own the ruling of the trial court involved in its order of January 30, 1954, that the foundation order of June 19, 1951, was not void but valid.

More precisely put we restrict our holding to the proposition that this Court acquired appellate jurisdiction by the former appeal in No. 8015 only to review the order of January 30, 1954. But that since that order was made in the face of a contention of appellants in No. 8015 that the foundation order of June 19, 1951, was void, which, if correct, would have required reversal, we necessarily ruled the order of June 19, 1951, to be valid by our judgment of affirmance. That the issue was directly presented on the former appeal is briefly and adequately evidenced by the Ninth Point of Error presented to the Supreme Court on application for writ of error by appellants in No. 8015 when they sought review of our judgment. We quote:

"Ninth Point

"The trial court being without jurisdiction to rescind and modify its original decree of partition (in kind) and order the subject lands sold and appoint a receiver to make such sale, it was without jurisdiction to render and sign judgment approving such sale and authorizing and directing conveyance of the subject lands by such receiver."

The matters herein discussed are not material to the result we reached on original submission. We have carefully considered all grounds of appellants' motion for rehearing and it is refused.