# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00017-CV

**Dauphen Clary Jackson, Appellant**

**v.**

**John D. Jackson, Appellee**

## FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
## NO. CV41479, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

## O R D E R   A N D   O P I N I O N

**PER CURIAM**

"A party who is uncertain whether a judgment is final must err on the side of appealing or risk losing the right to appeal." *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 196 (Tex. 2001), *quoted in In re Elizondo*, 544 S.W.3d 824, 827 (Tex. 2018) (orig. proceeding) (per curiam). Appellant, Dauphen Jackson, appropriately taking the Supreme Court's admonition to heart, perfected an appeal from a latter judgment in a partition suit that awarded title to partitioned property in accordance with the commissioners' report. Making the situation unusual, however, is that the judgment calls itself an "Interim Judgment" and includes language saying that it is "not a final judgment as there are remaining issues between the parties that must be resolved." Making the situation still more unusual is that soon after perfecting his appeal, Dauphen[1] moved this Court

---

[1] Because the parties share a surname, we refer to them by their first names.

to determine whether we even have jurisdiction over his appeal and to either abate it or dismiss it as necessary. He perfected the appeal and filed the follow-on jurisdictional motion, he said, because the partition judgment presented "an unusual fact pattern to which there is no clear answer in the reported decisions."

Dauphen was right to be cautious. For the reasons that follow, we conclude that we have jurisdiction over this appeal from the Interim Judgment, abate the appeal pending the resolution in the trial court of the remaining issues in the suit, and remand the cause for further proceedings consistent with this order and opinion.

## BACKGROUND[2]

Dauphen and Appellee, John Jackson, are parties to John's suit seeking partition of both real estate and personal property. *See generally* Tex. Prop. Code §§ 23.001–.006 (regarding partition suits); Tex. R. Civ. P. 756–82 (same). Dauphen answered the suit and counterclaimed for declaratory relief, reimbursement, and *quantum meruit*. As the suit progressed, the trial court signed an order determining Dauphen's and John's percentage interests in the real estate at issue, determining that the real estate is susceptible to fair and equitable partitioning, partitioning the real estate according to the parties' percentage interests, and appointing commissioners and a surveyor to effectuate the partition. *See* Tex. R. Civ. P. 768; *see, e.g.*, *Pfeffer v. Meissner*, 286 S.W.2d 241, 247, 248 (Tex. App.—Galveston 1955, writ ref'd n.r.e.).

---

[2] The Background is drawn from undisputed matters in the parties' jurisdictional filings and those filings' attachments. *See Vitol, Inc. v. Harris Cnty. Appraisal Dist.*, 529 S.W.3d 159, 176 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (when the parties do not dispute the facts relevant to a jurisdictional issue, appellate court reviews jurisdictional issue as a matter of law).

Two years after that order, the trial court signed the Interim Judgment. The judgment recites that the court had heard and considered the commissioners' report about the real estate and that it considered testimony, evidence, and arguments of the parties about the report and their objections and exceptions to it. *See* Tex. R. Civ. P. 771. The Interim Judgment approves and confirms the commissioners' report, decreeing that John be awarded title to one of the two parcels that the commissioners had proposed be created out of the original real estate and that Dauphen be awarded title to the other, each in rough proportion to the parties' percentage interests in the pre-partitioned tract. *See* Tex. Prop. Code § 23.004(b).

The Interim Judgment next, after language awarding the commissioners and surveyor their fees, goes on to say, "It is further ordered that this is an interim, and not a final judgment as there are remaining issues between the parties that must be resolved." (All-capitalization removed.) The Interim Judgment lacks any language expressly disposing of the suit's issues relating to partition of the personal property at issue or Dauphen's declaratory-relief, reimbursement, and *quantum meruit* claims. Dauphen perfected this appeal from the Interim Judgment.

## DISCUSSION

Dauphen asks us to determine our jurisdiction over his appeal. He also asks that if we determine that we have jurisdiction, we abate the appeal pending the resolution of other issues in the suit but that if we determine that we do not have jurisdiction, we dismiss his appeal.

We asked John to respond to the motion, and he has. He, like Dauphen thought, says that "the Interim Judgment is likely immediately appealable." The parties' filings raise the issue of judgment finality for purposes of appellate jurisdiction.

3

Texas law recognizes distinct scenarios for determining the finality of a judgment for purposes of appeal rendered without a conventional trial on the merits. The standard scenario—for suits in which only one final and appealable judgment may be rendered—is addressed in the "seminal decision in *Lehmann*." *See In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 918 (Tex. 2024) (orig. proceeding) (per curiam). Courts applying finality rules in that scenario are to assess judgments—first on their face and potentially next in light of the record as a whole—for whether they dispose of all parties and claims in the suit. *See id.* at 922; *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023) (per curiam).

But *Lehmann* itself recognizes that there are other scenarios in which different rules for assessing finality apply:

> We consider only cases in which one final and appealable judgment can be rendered and not cases, like some probate and receivership proceedings, in which multiple judgments final for purposes of appeal can be rendered on certain discrete issues.
>
> . . . .
>
> A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree. (An order that does not dispose of all pending parties and claims may also be final for purposes of appeal in some instances, such as orders that resolve certain discrete issues in some probate and receiverships cases, but we exclude those cases from consideration here . . . .)

39 S.W.3d at 192, 195; *see also, e.g.*, *In re Guardianship of Fairley*, 650 S.W.3d 372, 388 (Tex. 2022) (certain orders in probate cases); *Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 395 (Tex. 2020) (certain receivership orders).

One of the scenarios involving special finality rules is partition suits. *See, e.g.*, *Fry Sons Ranch, Inc. v. Fry*, No. 03-19-00684-CV, 2020 WL 6685772, at *2 (Tex. App.—Austin Nov. 13, 2020, pet. denied) (mem. op.). A partition suit involves "two or more" final, appealable

4

orders.  *Id.*  Under partition suits' special rules, not only is the later order in the suit final and appealable—the order that awards title to the parcels of real estate after the commissioners' report—but the *earlier* "order directing that property be partitioned is a final appealable order" as well.  *See id.*; *see also Griffin v. Wolfe*, 610 S.W.2d 466, 466–67 (Tex. 1980) (per curiam) (earlier order: holding that "the first order in a partition suit" is final and appealable); *Waters–Pierce Oil Co. v. State*, 106 S.W. 326, 328 (Tex. 1907) (later order: "When the partition shall have been made and the decree of partition entered, there is another final judgment or order, from which an appeal may likewise be taken.").

This case presents a twist because the later partition order here is not the end of the entire lawsuit.  Even though there are undisposed-of claims, is the later order still final for purposes of appeal?

Yes, it is.  We, the parties agree, appear to be the first Texas appellate court to answer the question regarding a later order in a partition suit that awards title to the new tracts referred to in the commissioners' report.[3]  We answer "yes" because of the interests underlying the special finality rules for partition suits and because the *Lehmann* finality rules for single-final-judgment suits do not apply to the special scenarios of probate, receivership, and the like—including partition suits.

Our sister court laid out the interests underlying partition suits' finality rules:

> Unlike most other proceedings, a partition case involves two or more final appealable orders.  This is because a partition proceeding is—at least—a two-step process.  Thus, a trial court order directing that property be partitioned is an appealable order.  Issues determined by the partition order must be challenged following its entry; they cannot be attacked collaterally after the entry of a later order or judgment.  The same rule applies for an order approving the terms of the

---

[3] However, there is a very close analogue, which we mention below.

5

proposed sale of real property in a partition suit: the terms of that order must be appealed—if at all—after its entry, before the property is sold. The reasoning behind the rule is clear: in the partition process, decisions must be made upon which other decisions will be based. An appeal at each stage provides a practical way to review controlling, intermediate decisions before the consequences of any error do irreparable injury.

*Long v. Spencer*, 137 S.W.3d 923, 925–26 (Tex. App.—Dallas 2004, no pet.) (internal citations omitted); *accord Fry Sons Ranch*, 2020 WL 6685772, at *2 (citing and quoting *Long*, 137 S.W.3d at 925–26). These interests apply to make the earlier order in a partition suit appealable, *see Fry Sons Ranch*, 2020 WL 6685772, at *2, but they apply with equal force to make the later order appealable as well. When, as here, the later order awards title to real estate, the consequences of any error in such an award can do irreparable injury to the parties or to the public at large. *See, e.g.*, *Denison v. Brandt*, __ S.W.3d __, 2023 WL 5628641, at *3 (Tex. App.—Austin Aug. 31, 2023, no pet.) (per curiam) (noting that "[i]n the context of judgments for interests in land, . . . such judgments (or abstracts of them) often are filed in the county records to put the public on notice of ownership of the interests awarded by the judgment and can be relied upon by purchasers and by the rest of the public" and collecting cases in support). Thus, the later order in a partition suit should be appealable to the same extent as the earlier order.

A very close analogue to this case is *Pfeffer*, in which the trial court in a partition suit issued an earlier order ruling that a tract was incapable of partition in kind in a fair and equitable manner and a later order after a receiver had been appointed approving the receiver's report of the sale of the tract and confirming the sale. 286 S.W.2d at 244–45; *see* Tex. R. Civ. P. 770. Our sister court held that each order was "a final judgment, complete in itself, and appealable." *Pfeffer*, 286 S.W.2d at 249. Importantly for our case, our sister court reached its conclusion that the later order was appealable even though the later order "confirming the sale by

6

the receiver . . . did not in itself as between all the parties dispose of all the issues raised by all the pleadings in the entire partition proceeding." *See id.*

So too here. Although the Interim Judgment does not dispose of all remaining parties and claims in Dauphen and John's suit, the Interim Judgment awards title to real estate to effectuate a partition of the formerly whole tract. It thus implicates the interests identified in *Long* and *Fry Sons Ranch* (and, indirectly, in *Denison*) about when orders in partition suits are appealable. Under the special finality rules for partition suits, we conclude that the Interim Judgment is appealable and that Dauphen properly perfected his appeal from that judgment.

## CONCLUSION

Because we have jurisdiction over this appeal from the Interim Judgment and because Dauphen's abatement request is unopposed, we abate the appeal pending the resolution in the trial court of the remaining issues in the suit. We remand the cause to the trial court for further proceedings consistent with this order and opinion.

It is ordered on March 21, 2025.


Before Chief Justice Byrne, Justices Kelly and Ellis

Abated and Remanded

Filed: March 21, 2025

7