**MIESCH v. ANDERSON et al.**

**No. 4755.**

Court of Civil Appeals of Texas. Texarkana.

Jan. 2, 1936.

Rehearing Denied Jan. 16, 1936.

B. F. Edwards, of Clarksville, Wm. Hodges, of Texarkana, and A. L. Robbins, of Clarksville, for appellant.

Earl M. Deterly, of Dallas, Pat Beadle, of Clarksville, James L. Lattimore and Bramlette & Levy, both of Longview, and R. E. Anderson, of Dallas, for appellees.

JOHNSON, Chief Justice.

On September 22, 1931, cause No. 16902 was filed in the district court of Red River county by Carl Roberts et al. v. Earl Roberts and Elbert Roberts, the latter a minor. The purpose of that suit was to partition the three tracts of land involved in the present suit and some personal property. The defendants in that suit, Earl Roberts and Elbert Roberts, appeared by their attorney and answered generally and specially. C. D. Bourne appeared by appointment of the court as attorney for the minor defendant, Elbert Roberts. On November 12, 1931, the case was tried and a partition decree rendered. The court found that a fair partition of the land could not be made, and appointed C. M. White receiver to sell the property. The provisions of said order in so far as pertinent to the present suit, after naming White as receiver, directs: "* * * That he proceed to sell, at private sale for cash, said above-described personal property and real property, and return the proceeds from said sale into court, after making his report as required by law. * * * It is further ordered that the receiver, C. M. White, make his report to the next term of this court."

The receiver sold the property, both real and personal, to appellant, R. J. Miesch, for $250 cash, on March 8, 1933, and filed his report of the sale on the same day. The report of sale, in so far as necessary to mention, reads as follows: "I, C. M. White, your receiver herein, proceeded in accordance with said decree and order of said court, to sell at private sale for cash for the sum of $250, all of the above described real and personal property to R. J. Miesch, of the County of Red River and State of Texas, on the 8th day of March, A. D. 1933, subject to the approval and confirmation of said Honorable Court."

The case was continued to the May, 1933, term of the court. At that term of the court, on May 9, 1933, the report of sale was approved and confirmed by the court, which judgment of confirmation ordered the receiver, White, to make conveyance to the purchaser, Miesch, upon his compliance with the terms of the said sale, and to pay the proceeds thereof unto the clerk of the court. On May 10, 1933, White as receiver executed and delivered the deed to appellant, R. J. Miesch. The cash consideration of $250 was paid by Miesch and delivered to the clerk of the court. White was then paid a commission of $20.20. The court cost of $18.90 was paid, and $21.09 was delivered to Carl Roberts as his share in the distribution. The balance of the $250 remained in the treasury of the court. At the same term of the court, on May 24, 1933, Earl Roberts, for himself and as next friend of the minor, Elbert Roberts, filed in the cause a motion, which was by permission of the court amended the first and second time, to vacate the judgment and order theretofore entered on May 9, 1933, confirming said report of sale, and further praying for the appointment of a new receiver to sell the property, alleging as grounds that the judgment of confirmation of the receiver's report of sale had been obtained "by the wrongful, willful and fraudulent acts, representations and omissions" on the part of the receiver in concealing from the court a higher bid made to him for the property by R. E. Anderson, in the sum of $450 for the land, exclusive of the personal property; and upon the further ground that the minor, Elbert Roberts, was not represented in court and could not contest confirmation of said sale because the guardian ad litem of said minor was a member of the Legislature and in attendance upon its sessions in Austin at the time said report of sale was heard and confirmed by the court. After due notice to all parties interested, including appellant, R. J. Miesch, a hearing was had upon said motion at the same term of court, on June 14, 1933, and a decree was rendered and entered vacating and holding for naught the judgment of confirmation, which vacating order further decreed that John E. Barry be and was thereby appointed receiver "to sell the property described and previously ordered sold by C. M. White, as receiver." And it was further ordered by the court: "That the proceeds of the sale by C. M. White, Receiver, and reported to this court be and the same shall be refunded to the purchaser (Miesch) by all the parties receiving same * * * and that Hon. Pat Beadle be and is hereby appointed guardian ad litem to represent the interest of the minor, Elbert Roberts."

Appellant, Miesch, appeared as a witness and testified at the hearing, but filed no pleading or protest to the motion or order

316

vacating the judgment of confirmation of the sale of White to him, Miesch. John E. Barry, receiver, proceeded to sell the land to appellee, R. E. Anderson, for $450 cash and the assumption of all back taxes, filed his report of sale August 16, 1933, which was heard and confirmed, at the same May term of court, on August 28, 1933, and Barry was ordered to execute deed of conveyance of the land to Anderson upon receipt of the purchase money of $450. Anderson paid $450, and deed was accordingly executed and delivered to him by Barry and the proceeds of the sale delivered to the clerk of the court. No protest was filed by Miesch to the report of sale made by Barry to Anderson, nor to the order of the court confirming same, and the said May term, 1933, of the court adjourned without any appeal having been taken from the judgment of the court confirming the sale made by Barry to Anderson, or from any other order or judgment in said cause No. 16902. The deeds respectively to R. J. Miesch and to R. E. Anderson were each duly recorded in the deed records of Red River county, Tex.

On September 26, 1933, R. J. Miesch filed the present suit in action of trespass to try title against R. E. Anderson and Earl Roberts to recover title and possession of the three tracts of land described in his petition, being the same land involved in the above-mentioned partition suit, No. 16902, and as described in the deed from White, receiver, to Miesch; and in the deed from Barry, receiver, to Anderson. The petition of plaintiff, R. J. Miesch, in the present suit further alleges that said judgment of partition in cause No. 16902 is a common source of title under which he and defendant Anderson claim the land; that the order of the court in cause No. 16902 setting aside and vacating the judgment of confirmation of the report of sale by the receiver, White, to him (Miesch), and the order appointing Barry receiver to make a second sale of the land, and the sale by Barry to Anderson and the order of the court confirming same, and the deed by Barry, receiver, to Anderson are all void; and that such orders, decrees, and judgments and the recordation of said deed to Anderson casts a cloud upon the title of plaintiff, Miesch, which cloud he prays be removed.

The defendant R. E. Anderson answered in the present suit by general demurrer, general denial, and plea of not guilty. Defendant Elbert Roberts did not answer. Trial to the court without a jury resulted in judgment in favor of defendants, denying plaintiff, Miesch, any recovery, from which judgment Miesch has appealed.

Upon request, the trial judge filed his findings of fact and conclusions of law. The findings of fact are not challenged, and the questions presented on appeal relate to matters of pure law. It is the contention of appellant, in substance, (1) that confirmation of the sale of land ordered to be sold by receiver in partition proceedings is not required by law and is unnecessary; and (2) that the sale of the land by White, receiver, to Miesch vested the title in Miesch, which sale was not set aside or disturbed by the order of the court vacating its judgment of confirmation of said sale; and (3) that the decree of court setting aside and vacating its judgment of confirmation of the sale made by White, receiver, to Miesch did not set aside and annul or legally operate to set aside and annul the title previously acquired in the sale by White to Miesch; (4) and that, the decree of the court vacating its judgment of confirmation of the sale by White to Miesch not having the legal effect to divest Miesch of his title so acquired in the premises, therefore the action of the court in appointing Barry receiver to sell the land, the sale by Barry, its confirmation, and the deed to Anderson, were void for want of power in the court to confer such authority.

■ Appellant's contention that confirmation by the court of the receiver's sale is not essential to complete the sale and to consummate the vesting of title in the purchaser in partition suit is based upon provisions of article 6096, R.S., which reads as follows: "Should the court be of the opinion that a fair and equitable division of the real estate, or any part thereof, can not be made, it shall order a sale of so much as is incapable of partition, which sale shall be for cash, or upon such other terms as the court may direct, and shall be made as under execution, or by private sale through a receiver, if the court so order, and the proceeds thereof shall be returned into court and be partitioned among the persons entitled thereto, according to their respective interests."

The above statute does not expressly provide that the sale when ordered by the court through a receiver shall be subject to confirmation by the court in order to consummate the vesting of title in the purchaser, but it does express the power of the court to regulate the terms of sale, from which it is held the legislative intent that confirma-

tion be required may be inferred. 20 R.C.L. § 50, p. 775. The failure of the statute to expressly provide that confirmation be required does not raise the implication of the legislative intent to dispense with that requirement. It is the established practice generally, where the rule has not been modified by positive statutory enactment, to require an order of confirmation before a sale through a receiver becomes effective, as the rule is expressed in the following authorities from which we quote:

"A deed is but evidence of a right, and, in case of judicial sales, a valid decree, sale by an authorized person, and confirmation are ordinarily essential to the right of a purchaser to a conveyance." Texas & P. Ry. Co. v. Gay, 86 Tex. 571, 26 S.W. 599, 607, 25 L.R.A. 52.

"Before sale of property in receivership becomes effective it must, as a general rule, be reported by the receiver and confirmed by the court, after notice to the parties." 36 T.J. § 108, p. 218.

"It is the general rule that a sale by a receiver of property in his charge is not complete and binding, and that the purchaser acquires no title thereunder, until the same is confirmed by the court." 35 C.J. § 341, p. 212.

"Since before confirmation the sale is not in a technical and legal sense a sale, but the accepted bidder is merely a preferred purchaser, confirmation is necessary in order to complete the sale, and in order to divest the former owner's title and render valid the deed to the purchaser, whether the sale is public or private." 35 C.J. § 60, p. 43.

"A judicial sale is not final and complete until it has been duly ratified and confirmed by the court under whose order it was made." 16 R.C.L. § 60, p. 81.

"A sale by a receiver is a judicial sale and as a general rule is subject to confirmation." 4 Pomeroy's Eq.Jur., § 1631.

Article 6096 of the statute under consideration is a part of title 104, which provides a statutory method of partition, which title further provides that "the rules of equity * * * shall govern in proceedings under this title in all things not provided for in this title." Article 6106. In article 6107 of said title it is further provided that the same rules of practice which govern in other civil cases shall govern in suits for partition "when not in conflict wtih any provision of this title." The statute contains no provision purporting to modify the existing established practice with respect thereto when • the sale to Miesch.

sales are made, under article 6096, by the court through a receiver for partition. "Therefore the rule requiring such sales to be reported to and confirmed by the court, not having been modified by nor being in conflict with the statute, is still the law. Hence a valid decree of confirmation is essential to the validity of the purchaser's title, at least so where, as in the present case, the court in its decree ordering sale has not authorized the receiver to make conveyance without report and confirmation of a sale. The order of the court in the present case does not direct the receiver to make sale and conveyance in the first instance before making report of his sale to the court. The decree in requiring report of the sale to be made "as required by law" before returning the proceeds thereof into court may reasonably be construed only as having the purpose and effect of requiring confirmation before conveyance.

Returning to appellant's contention that the decree of the court in which its judgment confirming the sale made by White to Miesch did not purport to nor have the legal effect of vacating such sale: In Dupree v. Davis, 116 Tex. 405, 292 S.W. 523, 524, in opinion of the Commission of Appeals, adopted by the Supreme Court, it was held in effect that a decree of the court which simply purported to set aside and hold for naught its former judgment of confirmation did not have the legal effect of vacating the sale, but that "it left the matter of effecting a sale and disposition of the property involved still pending as it was prior to the order of confirmation." The vacating decree of the court in the present case goes further than did such order in the Dupree Case, in that in the present case it appoints a new receiver and orders him to sell the land previously ordered to be sold by the receiver first appointed. We think such order was tantamount to a rejection of the sale made by White, the first receiver. But, if its legal effect was not to reject the bid of Miesch, then the same remained pending before the court as an unconfirmed bid, and was before the court at the time of the confirmation of the sale to Anderson. The two sales, the one of White to Miesch and the one of Barry to Anderson as reported, showed each to have been made by the receivers on condition and "subject to the approval and confirmation of said Honorable Court." Therefore, the judgment of the trial court confirming the sale to Anderson, by implication, disposed of and rejected the sale to Miesch.

In contending that the provisions of article 6096 have dispensed with or rendered unnecessary confirmation by the court of the sale when ordered to be made through a receiver, it is urged by appellant, since one of the two methods of sales provided for in said article of the statutes is that it shall be made "as under execution," and as sales under execution, article 3816, are not required to be confirmed by the court, therefore, it is contended, "if a sheriff or constable can make such sales without being required to make any advance report, and have the same confirmed, the receiver is not required to have a sale made by him confirmed before he can convey title to the purchaser." Specific answer to this reasoning is found in the distinction between judicial sales, as sales through a receiver for partition, and sales under ordinary execution. 1 Clark on Receivers, § 484, p. 657. The officer who conducts a sale under ordinary writ of execution derives his authority, not from a court order, but from the statute and the writ, while a receiver derives his authority not from the statute, but from a court order. Chapman v. Guaranty State Bank (Tex. Com.App.) 267 S.W. 690; Texas & P. Ry. Co. v. Gay, 86 Tex. 571, 26 S.W. 599, 25 L. R.A. 52; Texarkana Clothing Co. v. Bisco (Tex.Civ.App.) 40 S.W. 559; 26 T.J. § 2, pp. 533–535; 18 T.J. § 2, pp. 534, 535. "A sale in partition is unlike an ordinary sheriff's sale under execution; it is a judicial sale; it must be reported to the court for confirmation, and until confirmed it is of no effect." Thomas v. Elliott, 215 Mo. 598, 114 S.W. 987, 988. In other words, should it be inferred, as assumed by appellant, that the statute, in providing as one of the methods of sales for partition to be made "as under execution," has the legal effect of constituting it an execution sale not requiring report to and confirmation of the court, such assumption does not warrant the further conclusion that the statute has a like effect to change the character of sale from judicial to an execution sale when made by the other method provided "by private sale through receiver." Even when the sale for partition is made by the method "as under execution," the better practice is to have it reported to and confirmed by the court before conveyance is made to the purchaser. Moore v. Blagge, 91 Tex. 151, 38 S.W. 979, 985, 41 S.W. 465, in which case Judge Denman, speaking for the Supreme Court, said: "It is also urged by defendants in error that the proceedings are void because the decree ordered sale of the property, and making of the deeds by the sheriff without any report of sale and confirmation by the court being contemplated. We are of opinion that, while the action complained of would probably be error for which a decree would be reversed or set aside in a direct attack, it is not for that reason, under the rule laid down in Grassmeyer v. Beeson, supra [18 Tex. 753, 754, 70 Am.Dec. 309], void. In the case before us the parties requested and the court decreed a sale by the sheriff, the decree being so worded as to show that no further action of the court was expected, as was the case in Grassmeyer v. Beeson. We feel bound by that authority."

Appellant makes the further contention that, should it be held that confirmation of the sale was necessary to the vesting of title in him, "that White's sale was reported to and confirmed by the court and Miesch became fully vested with the title and held it for as long as two weeks before any motion was filed to set aside the confirmation, and that setting aside and vacating the judgment confirming such sale did not set aside and annul, nor legally operate to set aside and annul the title thus previously acquired by Miesch."

As before noted, the receiver's sale made to Miesch, so stated in White's report thereof, was on condition that it be confirmed by the court. The decree appointing White receiver and ordering him to sell the land does not purport to authorize White to make conveyance in the first instance without report to the court. It was in the judgment of confirmation that the receiver was authorized and directed to make the deed of conveyance to Miesch. It was the legal effect of that judgment of confirmation which vested Miesch with the title evidenced by his deed. The validity of his title depended on that judgment of confirmation remaining in force. That judgment was set aside and held for naught, vacated in its entirety, at the same term of the court in which it was rendered, the legal effect of which divested Miesch of all title.

"The appellants must be held to have known that the court had full power to set that decree aside at any time during the term, and to have bought with a knowledge of that fact." Sharp v. Elliott, 70 Tex. 666, 8 S.W. 488, 489; 35 C.J. § 68, p. 49.

The judgment of the trial court is affirmed.