PFEFFER et al. v. PFEFFER et al.

No. 12726.

Court of Civil Appeals of Texas.

Galveston.

May 27, 1954.

Rehearing Denied June 17, 1954.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

W. H. Betts, Hempstead, for appellants.

W. D. Bryan, Sealy, W. I. Hill, Bellville, for appellees.

GRAVES, Justice.

This appeal by Seldon Pfeffer and Hally Pfeffer, as appellants, against Elmer J. Pfeffer, Gus R. Pfeffer, Daniel Pfeffer, Elda Pfeffer Bishop and her husband, Hilma Pfeffer Procter and her husband, and Ora Dell Pfeffer Boulware and her husband, as appellees, is from a judgment of the District Court of Austin County, Hon. J. R. Fuchs, Judge, presiding without a jury, approving the sale, by its receiver, it had appointed for that purpose, of two tracts of land belonging to the estate of Albert J. and Minnie Pfeffer, both deceased, one containing 82 acres to J. D. Kamas for $2,625.00, the other containing 138.30 acres to Storey J. Slone for $22;210.98.

In support of its judgment the trial court filed these findings-of-fact and conclusions-of-law:

"Findings of Fact

"1. That the defendants were duly cited to appear in this cause;

"2. That the defendants were repeatedly given the opportunity by the Court to present evidence of any equitable reasons, if any, they had to show why they had not presented their defenses, if any, at the trial of the cause;

"3. That there are no facts or circumstances in the record showing any reason or excuse on the part of the defendants for failure to present their alleged defenses at the time of trial; and

"4. That there is no evidence that the defendants were free from negligence in failure to show their alleged defense.

"Conclusions of Law

"The Court concludes that the defendants are not entitled to a bill of review."

The explanation of the trial court's judgment and of the relative positions of the parties to this appeal therefrom is a relatively simple and undisputed situation, which may be thus summarized: The parties to the appeal were the relatives and sole owners of the two tracts of land here involved that belonged to the estate of Albert J. and Minnie Pfeffer, both of whom had died intestate and leaving as their sole heirs such named parties to this appeal. On January 10, 1951, the appellees, as plaintiffs, filed this suit against the appellants, as defendants, setting up such joint ownership, particularizing the interest so owned by the several parties to the suit, alleging the death of Albert J. and Minnie Pfeffer as so intestate, and further, in substance, requesting the court to appoint commissioners to partition the same; thereafter such commissioners were appointed, who reported to the court that the lands were incapable of partition in kind in an equitable manner, and recommended the appointment of a receiver to sell the two tracts, so that the proceeds thereof might be distributed among the several owners thereof; as indicated supra, the court did

appoint such recommended receiver, in the person of Alvin Meissner, who, under the further directions of the court, made such sales as so directed, which the trial court approved, as so above recited.

█ In their appeal herein, the appellants protest against such judgment of the trial court, through some 7 points of alleged error, none of which, it is determined, can be sustained, for the simply stated reason, in the main, that appellants, as the foundation thereof, do not stick to the facts as found by the trial court; on the contrary, a careful examination of the record shows that the quoted findings of fact by the trial court, supra, were each and all amply supported by the evidence. For instance, the court's finding that Albert J. Pfeffer left his estate in such condition, in fact, that no administration upon it was necessary although he died less than four years theretofore, was as recited, fully explained by the evidence; moreover, the trial court's ruling upon that subject contains a specific finding that all necessary proof showing no necessity for administration was heard. These authorities amply support the court's ruling upon that subject: Hannon v. Henson, Tex.Com. App., 15 S.W.2d 579, 584; Jones v. National Cash Register Co., Tex.Civ.App., 52 S.W.2d 1083; Moore v. Moore, Tex.Civ. App., 31 S.W. 532, 533, Id., 89 Tex. 29, 33 S.W. 217; Rose v. Turner, Tex.Civ. App., 16 S.W.2d 433, 438.

Finally, upon that subject, these appellants were shown to have stood by and permitted the court to enter its judgment so holding that the lands were incapable of partition, without objection. They thereby estopped themselves from later complaint, as the above cited authorities hold.

█ Neither, in the circumstances attending those proceedings, did the trial court err in its further holdings, in substance, that its judgment ordering the partition of the lands in the given circumstances was conclusive against the claims of appellants to any interest in the estate, as well as their further claim that they had been entitled to recover from the appellees contributions they had made to the funeral expenses of Albert J. Pfeffer and the permanent improvements they had contributed to on the lands. The trouble with all of these claims of the appellants is that they did not appear, answer, or protest, against these proceedings by the court until long after they had all been entered and disposed of. In other words, by the undisputed record, they came in some three years after the proceedings that were had in the court appointing a receiver and commissioners of partition and the return of their official acts—as already referred to—thereby seeking to have the court so belatedly set aside all the proceedings that occurred some three years before.

Wherefore, it is held that the court did not err in refusing to set aside its proceedings so taken about three years before, as so belatedly contended for by the appellants upon this trial. Stefka v. Lawrence, Tex.Civ.App., 7 S.W.2d 894; Stephenson v. Luttrell, Tex.Civ.App., 160 S.W. 666, 668.

█ Finally, there was no error, as contrarily contended by the appellants, in the trial court's order approving the report of the receiver it had so appointed to sell the lands, and his recited sales thereof. That final protest is so fully and convincingly covered in the appellees' reply thereto that it is thus quoted with approval: "The appellants questioned the receiver rather closely about everything possible pertaining to the sale of the subject lands. Appellants did not place on the witness stand a single witness to show that the best possible price was not received therefor. Appellants could not be placed upon the stand because they had bid on this land, and their bid was so far below the highest bidder that they could not now come into court and say that the bids received were not the highest bids possible. Since the appellants did not in any manner attempt to show that a better price could be received for

the land, the trial court had but one decision to make and that was to approve the receiver's report of his sale of the subject land."

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.