ACCEPTED
06-15-00004-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
11/13/2015 11:37:43 AM
DEBBIE AUTREY
CLERK

No. 06-15-00004-CV

IN THE
COURT OF APPEALS
SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
11/13/2015 11:37:43 AM
DEBBIE AUTREY
Clerk

_____

**BILLIE MURPHY TREMBLE, SHARON TREMBLE DONALDSON, SELIA TREMBLE SHAWKEY, WILMER FORREST TREMBLE, JR., AND THE ESTATE OF WILMER FORREST TREMBLE, SR., Appellants,**

**V.**

**LUMINANT MINING COMPANY LLC, ENERGY FUTURE HOLDINGS CORPORATION, AND SUBSIDIARIES, Appellees.**

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. 2013-390

**BRIEF OF APPELLEES**

**Jackson, Sjoberg, McCarthy & Townsend, LLP**

David E. Jackson
State Bar No. 10458500
djackson@jacksonsjoberg.com

Marc O. Knisely
State Bar No. 11614500
mknisely@jacksonsjoberg.com

711 W. 7th Street
Austin, Texas 78701
(512) 472-7600
(512) 225-5565 FAX

ATTORNEYS FOR APPELLEES

**November 13, 2015**

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................... ii

INDEX OF AUTHORITIES ............................................................................. iii

STATEMENT OF THE CASE ........................................................................... vi

STATEMENT REGARDING ORAL ARGUMENT ............................................... vii

ISSUES PRESENTED ................................................................................... viii

STATEMENT OF FACTS ................................................................................. 1

SUMMARY OF THE ARGUMENT .................................................................. 10

ARGUMENT ............................................................................................... 11

    I.     The Tremble Descendants lack standing to
          bring this appeal ........................................................................ 11

    II.    Mrs. Tremble fails to assert reversible error ...................................... 13

    III.   Several entities are not proper parties
           on appeal .................................................................................. 21

CONCLUSION AND PRAYER ........................................................................ 22

CERTIFICATE OF SERVICE ......................................................................... 24

CERTIFICATE OF COMPLIANCE ................................................................... 24

APPENDIX A   October 8, 2014 Final Judgment (first-phase judgment)

APPENDIX B   December 16, 2014 Final Judgment (second-phase judgment)

# IDENTITY OF PARTIES AND COUNSEL

*Defendants/Appellants:*

Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr., were Defendants in the trial court and are Appellants. CR 6. The foregoing Appellants also named the Estate of Wilmer Forrest Tremble, Sr., as an Appellant in their Notice of Appeal, CR 184, but the Estate was not a Defendant in the trial court.

*Counsel for Defendants/Appellants:*

The Appellants who were Defendants appeared pro se in the trial court, and Appellants are pro se in this court.

*Plaintiff/Appellees:*

Luminant Mining Company LLC was the Plaintiff in the trial court and is Appellee in this Court. CR 6. Appellants also named Energy Future Holdings Corporation and "Subsidiaries" as Appellees in their Notice of Appeal, CR 184, but neither Energy Future Holdings Corporation nor Subsidiaries were Plaintiffs in the trial court.

*Counsel for Plaintiff/Appellees:*

David E. Jackson
Marc O. Knisely
Jackson, Sjoberg, McCarthy & Townsend, LLP
711 W. 7th Street
Austin, Texas 78701
(512) 472-7600
(512) 225-5565 FAX
djackson@jacksonsjoberg.com
mknisely@jacksonsjoberg.com

# INDEX OF AUTHORITIES

**Texas Cases**

*Barstow v. State*,
  742 S.W.2d 495 (Tex. App. – Austin 1987, writ denied) ..................................... 6

*Bilbo Freight Lines, Inc. v. State of Texas*,
  645 S.W.2d 925 (Tex. App. – Austin 1983, writ dism'd w.o.j.) .................... 13, 21

*Browning v. Prostok,*
  165 S.W.3d 336 (Tex. 2005) .......................................................................15

*Burbage v. Burbage*,
  447 S.W.3d 249 (Tex. 2014) .......................................................................16

*Burkitt v. Broyles*,
  340 S.W.2d 822 (Tex. Civ. App. – Waco 1960, writ ref'd n.r.e.) .......................17

*Cannon v. Hemphill*,
  7 Tex. 184 (Tex. 1851) ..............................................................................17

*Champion v. Robinson,*
  392 S.W.3d 118 (Tex. App. – Texarkana 2012, pet. denied) ....................... 3, 19

*Drake v. Chase Bank*,
  No. 02-13-00340-CV, 2014 Tex. App. LEXIS 12572, at *3 (Tex.
  App. – Fort Worth Nov. 20, 2014, no pet.) .......................................................20

*Gardner v. Union Bank & Trust Co. of Fort Worth*,
  176 S.W.2d 789 (Tex. Civ. App. – Fort Worth 1943, no writ) ..........................19

*Goldberg v. Zinn*,
  No. 14-11-01091-CV, 2013 Tex. App. LEXIS 6867, *18
  (Tex. App. – Houston [14th Dist.] 2013, no pet.) ................................................15

*Griffin v. Wolfe*,
  610 S.W.2d 466 (Tex. 1980) ..................................................................... 3, 8

*Gunn v. Cavanaugh*,
  391 S.W.2d 723 (Tex. 1965) .......................................................................12

*Heller v. Heller,*
    269 S.W. 771 (1925) ...............................................................................6

*Henson v. Estate of Bruce L. Crow,*
    734 S.W.2d 648 (Tex. 1987) ...................................................................21

*Hershey v. Duncan,*
    No. 13-01-688-CV, 2004 Tex. App. LEXIS 9784, at *8
    (Tex. App. – Corpus Christi 2004, pet. denied) ....................................... 3

*Homeowners' Loan Corp. v. Cilley,*
    125 S.W.2d 313 (Tex. Civ. App. – Amarillo 1939, writ ref'd) ...........................5

*In re B.L.D.,*
    113 S.W.3d 340 (Tex. 2003) ....................................................................16

*In re Estate of Velvin,*
    No. 06-13-00028-CV, 2013 Tex. App. LEXIS 12267, *16
    (Tex. App. – Texarkana 2013, no pet.) .................................................13

*In re Lumbermens Mutual Casualty Company,*
    184 S.W.3d 718 (Tex. 2006, orig. proceeding) ......................................... 12, 21

*Lake v. Reid,*
    252 S.W.2d 978 (Tex. Civ. App. – Texarkana 1952, no writ) .............................6

*Malone v. Malone,*
    No. 06-10-00083-CV, 2011 Tex. App. LEXIS 98, *10, n. 5
    (Tex. App. – Texarkana 2011, no pet.) ..................................................... 12, 16

*Marmion v. Wells,*
    46 S.W.2d 704 (Tex. Civ. App. – San Antonio 1952, writ ref'd) .......... 11, 14, 16

*Martin v. Dosohs I, Ltd.,*
    951 S.W.2d 821 (Tex. App. – San  Antonio 1997, no pet.) ............................ 16

*Miesch v. Anderson,*
    90 S.W.2d 314 (Tex. Civ. App. – Texarkana 1936, no writ) ............................. 3

*Pain Control Institute, Inc. v. Geico General Insurance Company,*
    447 S.W.3d 893 (Tex. App. – Dallas 2014, no pet.) ........................................20

*Peterson v. Fowler*,
    11 S.W. 534 (Tex. 1889) ................................................................ 6

*Pfeffer v. Pfeffer,*
    269 S.W.2d 436 (Tex. Civ. App. – Galveston 1954, writ ref'd n.r.e.) .............. 12

*Snow v. Donelson*,
    242 S.W.3d 570 (Tex. App. – Waco 2007, no pet.) ...........................................14

*Thomas v. Southwestern Settlement & Development Company*,
    123 S.W.2d 290 (Tex. 1939) ................................................. 5

*Torrington Company v. Stutzman*,
    46 S.W.3d 829 (Tex. 2000) ................................................ 12

*White v. Mitchell*,
    60 Tex. 164 (Tex. 1883) ................................................. 11

*Woodhead v. Good*,
    27 S.W.2d 374 (Tex. Civ. App. – Eastland 1930, no writ) ................................ 15

## Rules

TEX. R. APP. P. 42.3(a) ................................................................ 22

Tex. R. Civ. P. 760 ................................................................ 3

Tex. R. Civ. P. 761 ................................................................ 3

Tex. R. Civ. P. 770 ................................................................ 3

## Other

3 William V. Dorsaneo, III, *Texas Litigation Guide* § 43.30[3] (2015) ...................18

# STATEMENT OF THE CASE

*Nature of the case:*      Plaintiff/Appellee Luminant Mining Company LLC ("Luminant") brought this suit for partition by sale of a tract of about 25.326 acres of land ("the Property"). CR 6, 8. Appellants Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr., were defendants in the trial court. CR 6.

*Trial Court:*      The Honorable J. Clay Gossett, Judge Presiding, in the 4th District Court, Rusk County, Texas

*Course of Proceedings:*      In accordance with standard procedure in partition suits, the District Court rendered two final judgments. Luminant moved for summary judgment on the first-phase partition issues, and on October 8, 2014, the District Court signed the first judgment. CR 111, 190; *see* copy of judgment attached as Appendix A. On December 16, 2014, following a hearing, the District Court signed the second judgment. CR 239; *see* copy of judgment attached as Appendix B.

*Trial Court Disposition:*      In the first judgment, the court (i) decided that Appellants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. did not own any interest in the Property; (ii) determined the interests or shares owned by other parties, including Luminant and Appellant Billie Murphy Tremble; (iii) concluded that the Property could not be fairly and equitably partitioned in kind and thus should be sold; and (iv) appointed a receiver to conduct a sale of the Property. CR 190. No party appealed that judgment. In the second final judgment, the District Court confirmed and approved the sale of the Property to Luminant, which was the highest bidder at above market price. CR 239, 201-202, 206-207.

## STATEMENT REGARDING ORAL ARGUMENT

Appellants did not request oral argument, and Appellees concur that oral argument will not aid this Court's decisional process in this appeal from the District Court's second-phase partition judgment. The record is restricted to a clerk's record of about 250 pages, including an unappealed first-phase final judgment and undisputed summary judgment evidence. The legal issues are straightforward and readily resolvable under long-settled principles and authorities: The first-phase judgment is final in all respects, and it bars three of the four Appellants' attempts to appeal and most of the fourth Appellant's apparent appellate complaints; and, to the extent the fourth Appellant, Mrs. Tremble, complains about the second-phase judgment, she failed to preserve the complaints and the judgment is patently error-free. Finally, submission on the briefs will spare the Court and the parties time and costs.

## ISSUES PRESENTED

This appeal is from the second of two sequential final judgments in a partition suit in which Luminant Mining Company LLC ("Luminant"), Appellee here, was Plaintiff, Appellants Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr., were Defendants, and Luminant sought partition by sale of a 25.326-acre tract of land ("the Property"). CR 6, 8. In the first-phase final judgment, the District Court: (i) decided that Appellants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. did not own any interest in the Property; (ii) determined the interests or shares owned by Luminant, Appellant Billie Murphy Tremble, and other parties; (iii) concluded that the Property could not be fairly and equitably partitioned in kind and thus should be sold; and (iv) appointed a receiver to conduct a sale of the Property. CR 190; Appendix A. No party appealed that judgment. In the second-phase final judgment, the District Court approved the sale of the Property to Luminant at above market value. CR 239; Appendix B.

The issues in this appeal are:

(1)    Whether Appellants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. lack standing to bring this appeal from the second-phase judgment because they own no interest in the Property, as determined in the unappealed first-phase final judgment;

(2)     Whether Appellant Billie Murphy Tremble has failed to preserve or establish any reversible error in the second-phase judgment, and more specifically

(a)     Whether claimed errors are at least largely barred by the unappealed first-phase final judgment and are otherwise entirely barred by Mrs. Tremble's failure to preserve them in the trial court; but even if further considered;

(b)     Whether a claim of error cannot be asserted under the Uniform Partition of Heirs Property Act because Texas has not enacted a version of that Act; and

(c)     Whether the District Court did not commit reversible error by confirming and approving the sale of the Property; and

(3)     Whether the Estate of Wilmer Forrest Tremble, Sr. cannot be named as an Appellant and Energy Future Holdings Corporation and "Subsidiaries" cannot be named as Appellees because they were not parties in the trial court.

## STATEMENT OF FACTS

This appeal arises from the second of two final judgments in a partition suit brought by Plaintiff/Appellee Luminant Mining Company LLC ("Luminant") and against Defendants/Appellants Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. ("the Tremble Family").[1]  Billie Murphy Tremble ("Mrs. Tremble") is the mother of Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. ("the Tremble Descendants").  CR 137-38.  The property at issue is the surface estate (including all coal, lignite, and other near surface minerals, but excluding the oil, gas, and all other liquid and gaseous hydrocarbons produced with the oil and gas) in a tract of land in Rusk County containing 25.326 acres ("the Property").  CR 8-9.

For some time before 2013, Luminant and a number of people owned undivided interests as cotenants in the Property.  Before Luminant filed the partition suit in November 2013, Luminant had purchased a significant majority of the undivided ownership interest in the Property – about 84 percent.  CR 9.  The remaining approximately 16 percent was attributable to the Tremble Family interest (about 1.56 percent), discussed further below, and to interests of varying percentages owned by nine other people.  *Id.*

---

[1] Title instruments and other documents in the Clerk's Record contain different spellings of "Tremble" – sometimes with an "e" and sometimes "Trimble."  This brief adopts the spelling used by the Tremble Family in the District Court and in this Court.

Among the undivided interests in the Property acquired by Luminant was that owned by Emma Jean Tremble Smith. CR 152, 161, 178-83. Ms. Smith deeded her undivided interest in the Property to Luminant on December 29, 2010. CR 161, 179. Emma Jean Tremble Smith is the sister of Wilmer F. Tremble, Sr., deceased, who in turn was the husband of Mrs. Tremble and the father of the Tremble Descendants. CR 137-38, 151.

Luminant filed this suit in District Court on November 26, 2013. CR 6. Partition of real property in Texas can be either in-kind or, under certain circumstances, by sale. Luminant pleaded circumstances supporting partition by sale and requested that relief. CR 8-11.

When Luminant filed suit, the title information available to Luminant indicated that Wilmer F. Tremble, Sr., husband of Mrs. Tremble and father of the Tremble Descendants, previously had owned an undivided interest in the Property (about 1.56 percent), but that he was deceased. CR 8-9, 113-14, 137-38, 154-55, 159-60. The available title information further indicated that Wilmer F. Tremble, Sr. had died intestate and that his undivided interest in the Property thus was then-currently owned in equal shares by the Tremble Descendants, with a one-third life estate interest in his wife, Mrs. Tremble. *Id*.

Accordingly, Luminant named as Defendants all four members of the Tremble Family, and credited the interest formerly owned by Wilmer F. Tremble,

Sr. to each of them, respectively, as just stated. CR 8-9. The Tremble Family members each filed answers in which they all claimed to own interests in the Property, without specifying the nature or percentage of their claimed interests, and in which they disputed the percentage interest owned by Luminant. CR 43-46.

A partition proceeding is a two-step process, with two final orders or judgments. *Griffin v. Wolfe*, 610 S.W.2d 466 (Tex. 1980) ("A partition case, unlike other proceedings, has two final judgments and the first one is appealable as a final judgment."); *Champion v. Robinson*, 392 S.W.3d 118, 127 (Tex. App. – Texarkana 2012, pet. denied). "In the first step, the trial court determines (1) the share or interests of each of the owners; (2) all questions of law or equity affecting the title to the land; and (3) whether the property is susceptible to partition or is the subject of a sale." *Hershey v. Duncan*, No. 13-01-688-CV, 2004 Tex. App. LEXIS 9784, at *8 (Tex. App. – Corpus Christi 2004, pet. denied); *Champion*, 392 S.W.3d at 127; Tex. R. Civ. P. 760, 761, 770. If partition by sale is ordered, as Luminant requested, the second step is for the court to decide whether to confirm the sale and to order distribution of the sale proceeds. *Miesch v. Anderson*, 90 S.W.2d 314, 316-17 (Tex. Civ. App. – Texarkana 1936, no writ).

Luminant moved for summary judgment on the first-phase partition issues on July 23, 2014. CR 111-29. Luminant sought summary judgment on all of the first-phase partition issues, including the share or interest of each of the owners, all

questions of law or equity affecting title to the Property, and a determination that the Property should be partitioned by sale. *Id*.

The Tremble Family filed a response to Luminant's motion for summary judgment on the first-phase issues on August 26, 2014. CR 133-36. The response raised two issues, one explicitly and the other implicitly. First, the Tremble Family contended that the December 2010 deed from Emma Jean Tremble Smith (sister of Wilmer F. Tremble, Sr.) to Luminant was fraudulent. *Id*. Second, the Tremble Family attached to their response a will by Wilmer F. Tremble, Sr. that was unknown to Luminant and that thus altered the status of undivided ownership among the members of the Tremble Family from that previously understood by Luminant – although the Tremble Family's response was silent about the effect of the will. CR 134, 142-44.

Luminant replied as to both issues raised by the Tremble Family's summary judgment response. CR 150-83. First, Luminant conclusively refuted both the factual and legal bases for the Tremble Family's contention that the December 2010 Smith to Luminant deed was fraudulent. The Tremble Family argued that the deed was fraudulent because it conveyed or purported to convey to Luminant not only Ms. Smith's interest in the Property, but also 100 percent of the Tremble Family's interest, and because the deed was "concealed from" and made "without knowledge or consent" of the Tremble Family. CR 133-36, 151.

- 4 -

The fraud claim was curious in that Luminant never contended that the deed from Emma Jean Tremble Smith conveyed the Tremble Family's interest in the Property, in addition to Ms. Smith's interest. Luminant's partition petition acknowledged the Tremble Family's interest, distributed among Mrs. Tremble and the Tremble Descendants in accordance with Luminant's then-existing understanding of their respective shares, and Luminant's motion for summary judgment sought judgment crediting the Tremble Family with those respective shares. CR 8-9, 113-14.

Nonetheless, Luminant pointed out that, even if Emma Jean Tremble Smith had attempted to convey an interest in the Property beyond what she owned, the Tremble Family would not have been "defrauded" by the deed, because the deed could legally convey "such interest, and only such interest, in the land as the maker of the deed possesses." *Thomas v. Southwestern Settlement & Development Co.*, 123 S.W.2d 290, 297 (Tex. 1939); *see also Homeowners' Loan Corp. v. Cilley*, 125 S.W.2d 313, 316 (Tex. Civ. App. – Amarillo 1939, writ ref'd) ("[T]he general rule is that one tenant in common cannot by his sole act sell or encumber more than his portion of the common property."). Furthermore, Ms. Smith in fact conveyed only, in the deed's words, "all of my undivided interest" in the Property. CR 152-54, 178. She did not convey or purport to convey any interest in the Property greater than that which she owned.

The Tremble Family also was mistaken in arguing that the deed somehow was rendered "fraudulent," as to them or their interest, by virtue of the fact that Ms. Smith did not notify them about her conveyance or obtain their consent to or joinder in the deed. For well over a century, Texas courts have held that a cotenant may convey her interest in real property without the consent or knowledge of her cotenants. *Peterson v. Fowler*, 11 S.W. 534, 535 (Tex. 1889); *Heller v. Heller*, 269 S.W. 771, 776 (Tex. 1925) ("As a tenant in common, Mrs. Heller had the right to sell off any particular part of the entire community estate, just so long as her deed did not injure the rights of the other children to secure their part of the estate."); *Lake v. Reid*, 252 S.W.2d 978, 982 (Tex. Civ. App. – Texarkana 1952, no writ) ("The rule is well known that each cotenant may freely assign or convey his interest in the common property, 'and his assignee or vendee at once becomes the owner of the interest conveyed, and as such, as a matter of law, a cotenant with the former cotenants of his vendor, and entitled to all the rights of any cotenant, including the rights of possession and re-sale.'"); *Barstow v. State*, 742 S.W.2d 495, 508 (Tex. App. – Austin 1987, writ denied) ("One cotenant may freely convey his interest in the common property as long as he does not prejudice the rights of his cotenants in the premises," citing *Peterson v. Fowler* and *Lake v. Reid*). CR 153-54.

Finally, neither Luminant nor Emma Jean Tremble Smith "concealed" the deed. Instead, they recorded the deed in public records shortly after its execution. CR 154, 161, 183.

As to the second issue raised implicitly by the Tremble Family's summary judgment response – the title implications of Wilmer F. Tremble, Sr.'s will – Luminant first learned of the will's existence when it received the response. CR 154-55, 159-60. The will had been probated in Harrison County, but had not been filed in the deed records in Rusk County, where the Property is located. CR 142-44, 159-60. Furthermore, an affidavit of heirship that had been filed in the deed records in Rusk County, and that Luminant had relied on, stated that Wilmer F. Tremble, Sr. had died intestate. CR 137, 154-55, 159-60.

In his will, however, Wilmer F. Tremble, Sr. bequeathed all of his property, real and personal, to his wife, Mrs. Tremble. CR 142. The Tremble Family's summary judgment response therefore established that Mrs. Tremble, alone, owned the entire undivided interest in the Property previously owned by her husband, and that the Tremble Descendants did not own any interest in the Property. CR 142, 154-55, 160-61.

Consequently, Luminant filed a certified copy of the will in the Rusk County Deed Records and requested that the judgment rendered by the District Court on the first-phase issues conform to the title evidence provided in the Tremble

Family's summary judgment response.  CR 155-56, 160-61, 165-76.  The Tremble Family never questioned or challenged this request or the effect of Mr. Tremble, Sr.'s will on their title, or lack of title, to the Property.

The District Court rendered judgment adjudicating the first-phase partition issues on October 8, 2014.  CR 190; *see* copy of judgment attached to this brief as Appendix A.  The court adjudged and decreed that the Tremble Descendants did not own any interest in the Property and thus were not cotenants.  CR 191.  In accordance with the evidence established by the Tremble Family's summary judgment response, the District Court credited Mrs. Tremble with the entire undivided interest previously owned by her husband, Wilmer F. Tremble, Sr.  *Id.* The District Court also determined that the Property was not susceptible to partition in kind and should be sold, and appointed a receiver to conduct the sale.  CR 190-92.

As was stated above, each of the two judgments in a partition suit is a final judgment. *Griffin*, 610 S.W.2d at 466. The October 2014 judgment thus was final for appeal purposes when it was signed. The Tremble Family did not seek any post-judgment trial court relief from the October 2014 judgment, nor did they appeal the judgment.

The receiver thereafter advertised the sale of the Property, solicited offers, and received bids, as directed by the District Court in the first judgment.  CR 192,

206. Luminant was one of two bidders, and its offer was substantially higher than both the other offer and the fair market value established by an unchallenged and undisputed appraisal. CR 128-29, 201-202, 206-207. The receiver recommended that the District Court confirm and approve the sale of the Property to Luminant in accordance with Luminant's offer and contract. CR 207.

On December 4, 2014, Luminant moved for judgment confirming the sale of the Property, ordering payment of the sale proceeds to the parties in accordance with their ownership interests in the Property determined by the first-phase judgment, and granting related relief finalizing the second-phase partition issues. CR 200-203. The Tremble Family did not respond to Luminant's motion or object in any way to the relief requested in the motion.

The District Court held a hearing on Luminant's unopposed motion for judgment, then rendered judgment finally disposing of all second-phase partition issues, including confirmation of the receiver's sale of the Property, on December 16, 2014. CR 199, 239-41; *see* copy of judgment attached to this brief as Appendix B. The Tremble Family did not appear at the hearing in opposition to the motion, file any post-judgment motion, or object in any way to the judgment, but they filed a notice of appeal from the judgment on January 16, 2015. CR 184.

In their notice of appeal, the Tremble Family named the Estate of Wilmer Forrest Tremble, Sr. as an Appellant, *id.*; neither the Estate nor a representative of

- 9 -

the Estate was a party in district court. The Tremble Family also named Energy Future Holdings Corporation and "Subsidiaries" as Appellees, in addition to Luminant, *id*; neither Energy Future Holdings Corporation nor any subsidiary was a party in district court.

## SUMMARY OF THE ARGUMENT

The Tremble Family's arguments in this appeal are so succinct and skeletal that they are difficult to ascertain precisely. In accordance with Luminant's understanding of those arguments, and the issues they pose, Luminant responds as follows:

(1) The District Court's first-phase judgment determined that the Tremble Descendants – Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. – did not own any interest in the Property. These parties did not appeal that judgment, and the judgment became final for all purposes. The Tremble Descendants therefore do not have standing to bring this appeal, which can properly challenge only the second-phase judgment.

(2) Billie Murphy Tremble does have standing to appeal. Her complaints, however, appear to be directed largely to the first-phase judgment and the issues decided by that judgment. Because that judgment became final in all respects, complaints about it are barred. In addition, Mrs. Tremble never preserved any

complaint about the second-phase judgment. For these and other reasons, Mrs. Tremble's complaints do not present any reversible error.

(3) The Estate of Wilmer Forrest Tremble, Sr. was not a defendant in the trial court, and Energy Future Holdings Corporation and "Subsidiaries" were not plaintiffs. The Estate therefore is not a proper appellant, and the corporation and its subsidiaries are not proper appellees.

## ARGUMENT

### I.
### The Tremble Descendants lack standing to bring this appeal.

In the first-phase judgment, the District Court determined that the Tremble Descendants do not own any interest in the Property. CR 190-91; Appendix A. This determination was based on the evidence presented by the Tremble Family – the will of Wilmer Forrest Tremble, Sr. – which established that Mrs. Tremble owned all of the interest in the Property that previously had been owned by her husband. CR 133-34, 142.

No one appealed the first-phase judgment, and, because partition suits produce two final judgments, the earlier judgment thus became final for all purposes. For that reason, too, the first-phase judgment cannot be challenged in an appeal from the second-phase judgment, and the former judgment "must be held conclusive of the rights of the parties." *White v. Mitchell*, 60 Tex. 164, 165 (Tex. 1883); *Marmion v. Wells*, 246 S.W.2d 704, 705 (Tex. Civ. App. – San Antonio

- 11 -

1952, writ ref'd) ("It is well settled that upon an appeal from the second or final decree matters determined by the first or interlocutory decree cannot be reviewed…."); *Pfeffer v. Pfeffer,* 269 S.W.2d 436, 438 (Tex. Civ. App. – Galveston 1954, writ ref'd n.r.e.) (unappealed first-phase judgment determining interests and ordering sale "was conclusive against the claims of appellants to any interest in the" property, in appeal from second judgment approving sale); *Malone v. Malone*, No. 06-10-00083-CV, 2011 Tex. App. LEXIS 98, *10, n. 5 (Tex. App. – Texarkana 2011, no pet.).

As to the second-phase judgment, the Tremble Descendants essentially have the same status as a non-party, and, generally, a non-party cannot exercise the right to appeal. *In re Lumbermens Mutual Casualty Co.*, 184 S.W.3d 718, 723 (Tex. 2006, orig. proceeding) ("Generally, only parties of record may appeal a trial court's judgment."); *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex. 1965) ("The general rule is that the remedy by appeal in the usual form, or by writ of error, is available only to parties of record…."). Furthermore, even if the Tremble Descendants technically remained as parties to the suit after the first-phase judgment became final and unappealable, they have no standing to complain about the second-phase judgment, which does not affect any of their rights or interests. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000) ("Texas courts have long held that an appealing party may not complain of errors that do not injuriously

affect it or that merely affect the rights of others."); *In re Estate of Velvin*, No. 06-13-00028-CV, 2013 Tex. App. LEXIS 12267, \*16 (Tex. App. – Texarkana 2013, no pet.) ("Demond is not a party to this appeal, lacks a general justiciable interest, and cannot complain about errors which do not injuriously affect him," and, with limited exceptions, he "lacks standing to bring an appeal.").

Because the Tremble Descendants do not have standing to appeal, their appeal should be dismissed. *Bilbo Freight Lines, Inc. v. State of Texas*, 645 S.W.2d 925, 927-28 (Tex. App. – Austin 1983, writ dism'd w.o.j.).

## II.
## Mrs. Tremble fails to assert reversible error.

Mrs. Tremble's issues include:   whether she was denied rights under the Uniform Partition of Heirs Property Act ("the Uniform Act") (Issue I); whether the District Court erred by signing the "Final Judgment without an open hearing to consider the evidence" and by "omit[ting]" her "from any of the decision making processes" (Issues II and III); and whether there was "error in the auctioning of [the Property]" (Issue IV).  Appellants' Brief, p. 3; for information about the Uniform Act, *see* www.uniformlaws.org (listed under "Acts" on home page).  Mrs. Tremble next makes reference to the Uniform Act, to information about the Property that "was not known to" her, and to "a closed civil trial," and the latter reference appears to be directed at both the first-phase and second-phase judgments.  *Id*. at p. 4.

Mrs. Tremble's statement of facts and argument focus exclusively on allegations about Ms. Smith's deed – the same allegations that the Tremble Family made in their response to Luminant's motion for summary judgment on the first-phase issues. *Id.* at pp. 4-5. Mrs. Tremble states that Luminant filed suit claiming that it "has 100% ownership claim in [the Tremble Family's] undivided, inherited, heir property," by virtue of the deed from Emma Jean Tremble Smith to Luminant. *Id.* at p. 5. Mrs. Tremble continues, "Ms. Smith is not nor has she ever been the Executor of the Estate [of Wilmer Forrest Tremble, Sr.], Administrator, nor Trustee." *Id.* Finally, Mrs. Tremble argues that she and the Tremble Descendants "by law were not privy to pertinent information from" Luminant. *Id.* at p. 6.

For several reasons, Mrs. Tremble's complaints fall short. First, the complaints discussed in Mrs. Tremble's statement of facts and argument are barred because they relate solely to the first-phase issues and judgment. The Tremble Family explicitly argued about the deed from Emma Jean Tremble Smith to Luminant in the first-phase proceedings, and the District Court rejected those arguments in its judgment. "It is well settled that upon an appeal from the second or final decree matters determined by the first or interlocutory decree cannot be reviewed…." *Marmion*, 246 S.W.2d at 705; *Snow v. Donelson*, 242 S.W.3d 570, 572-73 (Tex. App. – Waco 2007, no pet.) (holding that the first judgment determining "the merits of the case" and "the rights of the parties" cannot be

revised "unless upon appeal" from that judgment, and that, "[b]ecause [Snow's] complaints challenge matters decided in the first hearing from which Snow did not appeal, we have no jurisdiction to address them now."); *Goldberg v. Zinn*, No. 14-11-01091-CV, 2013 Tex. App. LEXIS 6867, *18 (Tex. App. – Houston [14th Dist.] 2013, no pet.) ("To grant that relief [from the first judgment], in an appeal from another and different judgment, would, in effect, be to permit the first judgment to be collaterally attacked," quoting *Woodhead v. Good*, 27 S.W.2d 374, 376 (Tex. Civ. App. – Eastland 1930, no writ)); *see Browning v. Prostok,* 165 S.W.3d 336, 346 (Tex. 2005) ("A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against.").

Second, to the extent Mrs. Tremble's issues and arguments can be deemed to attack the second-phase judgment, those arguments were not preserved by any request, objection, or motion in the district court. The Supreme Court of Texas has described the threshold for preservation as follows:

> As a general rule, preservation requires (1) a timely objection "stating the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context," and (2) a ruling. *See* TEX. R. APP. P. 33.1. Stated differently, the test ultimately asks "whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling." *State*

> *Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992).

*Burbage v. Burbage*, 447 S.W.3d 249, 257 (Tex. 2014); *In re B.L.D.*, 113 S.W.3d 340, 349-50 (Tex. 2003) (listing cases and explaining reasons for the requirement that complaints of error must be preserved in the trial court). Here, Mrs. Tremble did not file any response to Luminant's motion for judgment on the second-phase issues, did not file or make any objection or motion during the second-phase proceedings, and did not file any post-judgment motion. She thus waived any complaint about the judgment from which she has appealed. *Malone*, 2011 Tex. App. LEXIS 98, at *12-13.

Third, the District Court did not commit any error in rendering the second-phase judgment. As a corollary to the principle that matters decided in the first judgment cannot be reviewed in an appeal from the second, actions taken in the second-phase proceedings that merely follow the directives and decisions in the first judgment may not be challenged in an appeal from the second. *Marmion*, 246 S.W.2d at 706 ("[I]f the judgment now appealed from merely followed that [first] decree, then the error, if error it be, would be in the former, and not in the latter, ruling."); *Martin v. Dosohs I, Ltd.*, 951 S.W.2d 821, 824 (Tex. App. – San Antonio 1997, no pet.) (quoting *Marmion*). The only remaining question in this appeal, therefore, is whether the first judgment's directives and decisions were not correctly followed in the second-phase proceedings, causing consequent error in

the second judgment. *Burkitt v. Broyles*, 340 S.W.2d 822, 823 (Tex. Civ. App. – Waco 1960, writ ref'd n.r.e.) (the only question that could properly arise in the second phase would be conformity to the rules settled by the first decree, citing *Cannon v. Hemphill*, 7 Tex. 184, 197 (1851)).

In the first-phase judgment, the District Court appointed a receiver to conduct a sale of the Property, CR 191, then ordered:

> It is further ORDERED, ADJUDGED, and DECREED that the receiver shall advertise the sale of the Property, obtain offers for purchase of the Property, enter into a contract for the sale of the Property with the party making the highest offer, which contract shall be subject to the Court's approval, and report the proposed sale to the Court.

CR 192; Appendix A.

Mrs. Tremble urges an issue about whether the District Court committed "error in the auctioning of undivided inherited heir property," Appellants' Brief, p. 3 (Issue IV), but does not elaborate on this issue. The record, however, contains no evidence to support any claim of error and, to the contrary, affirmatively establishes that the sale of the Property was performed precisely as the District Court directed in the first-phase judgment and that Mrs. Tremble was awarded more than the fair market value of her undivided interest in the Property.

In her sworn Receiver's Report to Court, the receiver, Cecilia Koch, attested as follows:

In accordance with this Court's October 8, 2014 Judgment, I advertised the sale of the Property. On October 22, 2014, I listed the Property with the Longview and Tyler area Multiple Listing Services, the Century 21 website, as well as numerous other internet sites and *The Henderson Daily News*. The listings described the property, solicited offers to be submitted before November 22, 2014, and listed the price at $71,500, which is above the estimated fair market value. By the end of the day on November 22, 2014, I received two offers for purchase of the Property, true and correct copies of which are attached to this Report and labeled "Offer #1" and "Offer #2." Offer #1 is the offer and contract for purchase of the Property by Luminant Mining Company LLC ("Luminant"), and is the highest and best offer. Luminant has offered to purchase the Property for $78,750, plus my fee and costs, the broker's fee, all closing costs, and the costs of court. Offer #2 is for a proposed purchase price of $25,326, and is substantially lower than Offer #1.

I recommend that the Court approve and confirm the sale of the Property to Luminant in accordance with Luminant's offer and contract for purchase of the Property, as evidenced by Offer #1.

CR 206-207. Luminant's offer and contract to purchase the Property for the sum of $78,750, plus the receiver's fee and costs and the costs of court, far exceeded the fair market value of the Property established by an uncontested appraisal, which was $68,000. CR 128-29, 201-202, 206-207.

The District Court properly exercised its discretion by approving and confirming the sale of the Property in its second-phase judgment. CR 239-241; Appendix B. 3 William V. Dorsaneo, III, *Texas Litigation Guide* § 43.30[3] (2015) (describing procedure for receiver's sale and stating that "[o]n appellate review of a court-ordered sale, inadequacy of the price is not generally a sufficient ground for setting the sale aside, in the absence of facts or circumstances showing fraud or

irregularity"); *Gardner v. Union Bank & Trust Co. of Fort Worth*, 176 S.W.2d 789, 793 (Tex. Civ. App. – Fort Worth 1943, no writ) (the determination of whether to confirm a receiver's sale is a matter within the sound discretion of the court, and "[i]t is the settled rule in this state that a receiver's sale will not be set aside for inadequacy of price alone, in the absence of facts and circumstances showing fraud or irregularities; especially is this true unless the inadequacy is so great as to shock the conscience of the court").

Mrs. Tremble also lists issues complaining that the District Court erred "in the signing of [the] Final Judgment without an open hearing to consider the evidence" and by "omit[ting]" her "from any of the decision making processes," Appellants' Brief, p. 3 (Issues II and III), but again does not elaborate on these issues. As with the issue just discussed, the record contains no evidence supporting these complaints. Luminant moved for judgment confirming the sale of the Property, and served the motion on Mrs. Tremble. CR 201-205. On December 3, 2014, the District Court signed an order setting the hearing for December 16, 13 days later, then held the hearing on that date. CR 199. The hearing was open, and Mrs. Tremble was not excluded from the hearing, but she did not attend and did not otherwise oppose or object to Luminant's motion for judgment, the Receiver's Report to Court, or the District Court's approval and confirmation of the sale of the Property. *Champion v. Robinson*, 392 S.W.3d 118, 122, n. 6, 127 (Tex. App. –

Texarkana 2012, pet. denied) ("The record does not support Champion's [pro se] claim that he received inadequate notice [of the hearing on the first-phase partition issues].").

Finally, Mrs. Tremble asserts that she was denied rights under the Uniform Act. Appellants' Brief, pp. 3 (Issue I), 4. But Mrs. Tremble does not articulate how she allegedly was denied rights under the Uniform Act with respect to the receiver's actions in the second-phase proceedings or the District Court's rendition of the second-phase judgment. More significantly, the Texas Legislature has not adopted any form of the Uniform Act, nor has the Uniform Act been otherwise incorporated in or deemed a part of Texas law. Accordingly, Mrs. Tremble has no ability or authority to claim error under the Uniform Act. *See Pain Control Institute, Inc. v. Geico General Insurance Co.*, 447 S.W.3d 893, 896-98 (Tex. App. – Dallas 2014, no pet.) (affirming summary judgment on ground that plaintiff alleged no recognized cause of action); *Drake v. Chase Bank*, No. 02-13-00340-CV, 2014 Tex. App. LEXIS 12572, at *3 (Tex. App. – Fort Worth Nov. 20, 2014, no pet.) (affirming district court's judgment on ground that plaintiff alleged claim not recognized under Texas law).

In short, the District Court's December 2014 judgment, confirming the sale of the property, should be affirmed.

## III.
## Several entities are not proper parties on appeal.

The Estate of Wilmer Forrest Tremble, Sr. was not a defendant in the trial court, nor was a representative of the Estate. *See Henson v. Estate of Bruce L. Crow,* 734 S.W.2d 648, 649 (Tex. 1987) (a decedent's estate is "not a legal entity" and cannot sue or be sued as such). The Tremble Family designated the Estate as an Appellant in their notice of appeal, CR 184, and in their filings in this Court, but there is no legal basis for that designation. "Generally, only parties of record may appeal a trial court's judgment." *In re Lumbermens*, 184 S.W.3d at 723. The doctrine of virtual representation creates an exception that allows a non-party to intervene on appeal in certain circumstances, but none of those circumstances exist here. *Id.* at 722-29.

Energy Future Holdings Corporation and "Subsidiaries" were not plaintiffs in the trial court, but the Tremble Family designated them as Appellees in their notice of appeal. CR 184. Because Energy Future Holdings Corporation and its subsidiaries were not parties in the trial court and there is no other legal basis for adding them in this appeal, they are not proper Appellees. *In re Lumbermens,* 184 S.W.3d at 723-24. Since Energy Future Holdings Corporation and its subsidiaries are not proper Appellees, this Court has no jurisdiction over them in this case.

In sum, the Estate's appeal should be dismissed for lack of standing, *Bilbo*, 645 S.W.2d at 927-28, and Mrs. Tremble's appeal against Energy Future Holdings

and its subsidiaries should be dismissed for want of jurisdiction. TEX. R. APP. P. 42.3(a).

<b><u>CONCLUSION AND PRAYER</u></b>

The District Court carefully followed proper partition procedure. The District Court's first-phase judgment is conclusive of the parties' rights thereby determined, and the Tremble Descendants, who were found to own no interest in the Property, therefore lack standing to bring this appeal. In addition, Mrs. Tremble's complaints are barred by the first-phase judgment or are foreclosed by her failure to preserve them.

Appellee Luminant Mining Company LLC prays that this Court: dismiss the appeal by Sharon Tremble Donaldson, Selia Tremble Shawkey, Wilmer Forrest Tremble, Jr., and the Estate of Wilmer Forrest Tremble, Sr. for lack of standing; dismiss the appeal against Energy Future Holdings Corporation and Subsidiaries for lack of jurisdiction; and, with respect to the appeal by Billie Murphy Tremble, affirm the District Court's judgment. Appellee asks for such other and further relief to which it is entitled.

Respectfully submitted,

**Jackson, Sjoberg, McCarthy & Townsend, LLP**

David E. Jackson
State Bar No. 10458500
djackson@jacksonsjoberg.com

Marc O. Knisely
State Bar No. 11614500
mknisely@jacksonsjoberg.com

711 W. 7th Street
Austin, Texas  78701
(512) 472-7600
(512) 225-5565 FAX


By: ___/s/ David E. Jackson___
    David E. Jackson
    State Bar No. 10458500

ATTORNEYS FOR APPELLEES
LUMINANT MINING COMPANY LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the above and foregoing Brief of Appellees was sent via the following method, to the following parties on this the 13th day of November, 2015.

Billie J. Murphy Tremble
P. O. Box 541
Marshall, TX 75671
Via regular mail and
Certified Mail, RRR
7015 0640 0003 1869 5922

Sharon Tremble Donaldson
2010 Wineberry Dr.
Katy, TX 77450
Via regular mail and
Certified Mail, RRR
7015 0640 0003 1869 5946

Selia Tremble Shawkey
712 South 37th Street
San Diego, CA 92113
Via regular mail and
Certified Mail, RRR
7015 0640 0003 1869 5939

Wilmer Forrest Tremble, Jr.
P. O. Box 841865
Pearland, TX 77584
Via regular mail and
Certified Mail, RRR
7015 0640 0003 1869 5953

　　　　　　　　　　　/s/ David E. Jackson
　　　　　　　　　　　David E. Jackson


**CERTIFICATE OF COMPLIANCE**

As required by Texas Rule of Appellate Procedure 9.4 (i)(3), I certify that this brief contains 5267 words, excluding the parts of the brief exempted by Rule 9.4 (i)(1).

　　　　　　　　　　　/s/ David E. Jackson
　　　　　　　　　　　David E. Jackson